**William Paul MARTIN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5639.**

District of Columbia Court of Appeals.

Argued Aug. 16, 1971.

Decided Nov. 9, 1971.

Carl W. Berueffy, Washington, D. C., appointed by the court, for appellant.

Guy H. Cunningham, III, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Paul L. Friedman, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN, NEBEKER and PAIR, Associate Judges.

KERN, Associate Judge:

Appellant was convicted by the trial court sitting without a jury of carrying a dangerous weapon, a "pegged knife," in violation of D.C.Code 1967, § 22-3204; possessing a prohibited weapon, a switchblade knife, in violation of D.C.Code 1967, § 22-3214(a); and, driving a motor vehicle without an operator's license in violation of D.C.Code 1967, § 40-301(d). Although the prosecutor prior to trial had given notice of his intention to proceed against appellant as a second offender under D.C.Code 1967, § 22-104,[1] and at trial had proved appellant's prior conviction of carrying a dangerous weapon,[2] he was sentenced to but one year's imprisonment on each of his weapon's convictions, to be served concurrently. He was also sentenced to 30 days imprisonment on the driving without a license conviction, to be served concurrently with his other sentences.[3]

Appellant attacks on appeal the jurisdiction of the trial court to hear and determine his case. His argument is that as a second offender he necessarily faced a possibility of being sentenced up to ten years in prison for violating Sections 3204 and 3214 of the Code. Therefore, he contends, he should have been tried by the United States District Court rather than the then District of Columbia Court of General Sessions. We note that the D.C. Court Reorganization Act of 1970, Pub.L. No. 91-358, 84 Stat. 550, effective subsequent to the trial of this case, resolves for the future the problem appellant has raised.

In dealing with appellant's contention we must examine in some detail the rather complex statutory scheme applicable in the District of Columbia prior to February 1, 1971.

The trial court's jurisdiction as of the time of trial was over

---

1. Section 22-104 stated:
   Every person upon his second conviction of any criminal offense punishable by fine or imprisonment or both may be sentenced to pay a fine not exceeding fifty per centum greater, and to suffer imprisonment for a period not more than one half longer than the maximum fine and imprisonment for the first offense.

2. After conviction but before sentencing, appellant admitted to the trial court during a colloquy on the issue of reduction of bond that he also had been convicted in the past of a robbery.

3. Appellant does not appeal from this conviction.

offenses committed in the District for which the punishment is by fine only or by imprisonment for one year or less. * * * D.C.Code 1967, § 11–963(a) (1).

The trial court also had authority pursuant to D.C.Code 1967, § 22–104 to impose

upon * * * second conviction of any criminal offense * * * imprisonment for a period not more than one half longer than the maximum * * * imprisonment for the first offense.

Sections 22–3204 and 3214 proscribing, respectively, the carrying of a dangerous weapon and possession of a prohibited weapon, under which appellant was being prosecuted, provide, in pertinent part and in almost identical language:

Whoever violates this section shall be punished as provided in section 22–3215, *unless the violation occurs after he has been convicted* in the District of Columbia *of a violation of this section or of a felony,* either in the District of Columbia or in another jurisdiction, *in which case he shall be imprisoned for not more than ten years.* (Emphasis added).

Section 22–3215 provides:

Any violation of any provision of this chapter for which no penalty is specifically provided shall be punished by a fine of not more than $1,000 or imprisonment for not more than one year, or both.

■ If appellant were treated as a "general" second-offender under Section 22–104, he would still be considered an alleged misdemeanant and fall within the jurisdiction of the trial court. Lawrence v. United States, D.C.App., 224 A.2d 306 (1966). On the other hand, if appellant were deemed a second offender under Sections 22–3204 and 3214, he faced a penalty of up to ten years and therefore at the time of his trial, could only have been tried by the United States District Court after indictment by Grand Jury.

We conclude that the Government's effort to treat appellant as a general second offender under Section 22–104 was invalid and that appellant was in effect tried and sentenced as a first offender for a misdemeanor. Accordingly, the trial court had jurisdiction and appellant's argument fails.

Sections 3204 and 3214 were enacted as a part of the District of Columbia Law Enforcement Act of 1953. The legislative debates and reports concerning that Act clearly indicate that Congress was seeking by that legislation, among other things, to enforce drastically its ban against carrying dangerous and prohibited weapons within the District of Columbia.[4] In view of the use of the mandatory term "shall" in Sections 3204 and 3214 and this legislative history, it seems quite unlikely that Congress intended that the Government might prosecute as a "general" second offender under Section 104 one who had a prior conviction for carrying dangerous or prohibited weapons and who was again being tried for a "weapons" violation. It is noteworthy that when Congress amended Section 22–104 in the 1970 Crime Bill and made that section applicable to all prosecutions in the District of Columbia after February 1, 1971, it specifically provided that Section 104 *"shall not apply"* (emphasis added) in the event of conflict with any other provision of law which provides an increased penalty for a specific offense. D.C.Code 1967, § 22–104(b) (Supp. IV, 1971).

■ We note also the well-settled rule of statutory construction that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other sub-

---

4. Cooke v. United States, 107 U.S.App. D.C. 223, 225, 275 F.2d 887 (1960); H.R.Rep.No.514, 83d Cong., 1st Sess. 5–6 (1953); H.R.Rep.No.3244, 81st Cong., 2d Sess. 28–30 (1951).

jects in general terms. Adams v. Culver, 111 So.2d 665, 667 (Fla.1959); 2 J. G. Sutherland, Statutes and Statutory Construction § 5204 (1943).

We conclude in the instant case that the prosecution had no authority to charge appellant as a "general" repeat offender under Section 104 when Congress had expressly declared that offenders such as he must be treated as repeaters under Sections 3204 and 3214. Therefore, the Government's "Notice of Intention to Prosecute" filed at trial under Section 104 was a nullity.[5]

The question then arises whether the prosecutor's ineffective attempt to use Section 104 invoked the repeat "weapons" offender clauses contained in Section 3204 and 3214 and therefore subjected appellant to a possible punishment of up to ten years' imprisonment which would have required his trial to be held in the U.S. District Court. The record reveals that neither the Government nor the trial judge had the least idea of treating appellant as such an offender. They believed a ten-year sentence was simply not applicable to appellant. This court has long recognized that an increased penalty for a second offender may be imposed upon a defendant only after the Government has given express and specific notice to the court and to the defendant of its intention. Burrell v. United States, D.C.App., 223 A.2d 377 (1966); Lawrence v. United States, *supra*; Brandon v. United States, D.C.App., 239 A.2d 159 (1968).

■ In the instant case, since no proper and timely notice that appellant was sub-

ject to as much as ten years' imprisonment under Sections 3204 and 3214 was given to him, appellant in effect was merely tried as a first offender on a misdemeanor. The trial court's sentence amounted to one year, which was wholly within its jurisdictional authority. Accordingly, we reject appellant's contention[6] and hold that the trial court had jurisdiction over him.

■ Appellant's final contention is that the Government has no authority at all to proceed by information in the District of Columbia Court of General Sessions, rather than by indictment in the United States District Court, against any defendant for carrying a dangerous or prohibited weapon after that defendant has had a prior felony or "weapons" conviction, as was the case here. He views the language of Congress in Sections 3204 and 3214(c) as mandatorily requiring prosecution as a "repeater" and his prosecution in the General Sessions Court was invalid. We do not agree. We believe Congress intended only that if the Government in the exercise of its prosecutorial discretion chooses to proceed against a defendant as a second offender then it must do so under that second offender provision contained in Sections 3204 and 3214. *See* United States v. Shaw, D.C.App., 226 A.2d 366, 368 (1967); Hutcherson v. United States, 120 U.S.App. D.C. 274, 277, 345 F.2d 964, 967 (1965); Newman v. United States, 127 U.S.App.D. C. 263, 264, 382 F.2d 479, 480 (1967). Accordingly, we reject this contention and conclude the judgments must be and are

Affirmed.

5. Our holding in this case in no manner disturbs the rule we announced in Lawrence v. United States, D.C.App., 224 A.2d 306 (1966), that when § 22–104 was properly invoked for offenses tried before February 1, 1971, the Court of General Sessions had jurisdiction to sentence a repeat offender to up to one and one-half times the penalty he would have received for a first offense misdemeanor.

6. Appellant also argues that since the trial court had jurisdiction only over offenses punishable by fine *or* imprisonment and since the offenses with which he was charged carried penalties of a fine, or imprisonment, *or both*, the trial court lacked jurisdiction over him, even were he to be treated as a first offender. This very same contention was recently considered and rejected by the United States Court of Appeals, Lange v. United States, D.C.Cir., 443 F.2d 720 (decided March 22, 1971), and we find no merit in it.