Charles E. TATUM, Appellant,

v.

UNITED STATES, Appellee.

No. 7909.

District of Columbia Court of Appeals.

Argued Oct. 16, 1974.

Decided Dec. 27, 1974.
Rehearing and Rehearing en Banc Denied Feb. 28, 1975.

* Dorszynski v. United States, *supra* at 3053.

William P. Redick, appointed by this court, for appellant.

Steven R. Schaars, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, James F. McMullin, and Donald L. Abrams, Asst. U. S. Attys., were on the brief, for appellee.

Before GALLAGHER, YEAGLEY and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellant was convicted of petit larceny. Based upon two prior petit larceny convictions, the trial court sentenced him to one to three years' imprisonment under the third-offender provision of D.C.Code 1973, § 22–104(a). On appeal Tatum contends: (1) that he was denied his right to be present and to aid counsel in the exercise of peremptory challenges to the prospective jury members, and (2) that he was denied effective assistance of counsel during the jury selection process. We affirm.

A store detective arrested appellant as he was leaving a Hecht Company store

with seven pairs of slacks for which he had not paid. He was charged with petit larceny, a misdemeanor for which the maximum punishment is one year. D.C. Code 1973, § 22–2202. Prior to trial, the government filed a notice that if convicted, Tatum would be subject to additional penalties as a third offender.

Voir dire examination of the potential jurors was conducted by the government and by appellant's trial counsel. At the conclusion thereof, both counsel approached the bench. Defense counsel exercised three peremptory challenges, that being the maximum number available when the offense charged is punishable by imprisonment for not more than one year. Super.Ct.Cr.R. 24(b). The government exercised one peremptory challenge. The vacancies created by the exercise of those challenges were filled, and the jury was sworn.

Defense counsel then advised the court that his client wished to be heard in objection to a juror. Tatum stated: "I thought that I had a choice to pick who I wanted to pick as far as a jury is concerned or at least confer with my counsel about it." When the court asked Tatum for the basis for his objection, he responded: "The basis is that I have a right to choose the jury." The court replied that defendant's attorney acted for him, and counsel then clarified the matter. The juror to whom Tatum objected was one of those who were seated after the peremptory challenges had been exercised. Counsel stated that Tatum had told him "that he would rather not have the white lady on the jury." The case then went to trial with the jury as sworn.

■ Appellant first contends that he was denied his right to be present and to assist counsel during the jury selection process, since he was not present at the bench conference at which counsel exer-

cised peremptory challenges. We disagree. Certainly an accused has the right to be present and to consult with counsel during the jury selection process. *See* Pointer v. United States, 151 U.S. 396, 408–409, 14 S.Ct. 410, 38 L.Ed. 208 (1894); Lewis v. United States, 146 U.S. 370, 373–376, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); Hopt v. Utah, 110 U.S. 574, 578, 4 S.Ct. 202, 28 L.Ed. 262 (1884); Maxwell v. United States, D.C.App., 297 A.2d 771, 774 (1972), cert. denied, 412 U.S. 921, 93 S.Ct. 2740, 37 L.Ed.2d 147 (1973); Shaw v. United States, 403 F.2d 528, 530 (8th Cir. 1968). Such rights were not abridged here. Tatum was present in the courtroom, and so situated as to be able to consult readily with his attorney prior to the bench conference. The actual exercise of peremptory challenges properly is a matter to be handled by counsel, and Rule 24(b) provides in part that all such challenges "shall be made at the bench." Certainly there is no requirement that a defendant be among those participating in any bench conference; such segments of a trial are ones in which counsel properly represents a defendant's interests notwithstanding a defendant's inability to hear the discussion. *Cf.* Haziel v. United States, 131 U.S.App. D.C. 298, 301, 404 F.2d 1275, 1278 (1968).

■ Further, the three peremptory challenges which were available to Tatum had been exhausted by the time he objected to the newly seated juror. Appellant did not dispute the manner in which the peremptory challenges were exercised. He waited until the jury had been sworn before saying that he wished one juror to be removed. Assuming arguendo that a challenge for cause could have been entertained at that stage, Tatum gave no grounds sufficient for any such challenge.

Tatum's second argument on appeal is that he was denied effective assistance of counsel. He contends that since defense counsel did not demand more than three

peremptory challenges, counsel was inadequately prepared. Appellant asserts that he had a right to 10 peremptory challenges under Rule 24(b) since repeat-offender papers were filed before trial, thus making him subject to a sentence of more than one year if convicted.* It is frivolous to argue that trial counsel was ineffective at all, much less that his handling of the case reached the level of constitutional infirmity. *See* Mitchell v. United States, 104 U.S.App.D.C. 57, 63–64, 259 F.2d 787, 793–794, cert. denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958). Nonetheless, we resolve the merits of the question presented.

■■■ The repeat-offender statute (D.C.Code 1973, § 22–104) comes into play only after a determination of guilt has been made. Smith v. United States, D.C.App., 304 A.2d 28, 31–32, cert. denied, 414 U.S. 1114, 94 S.Ct. 846, 38 L.Ed.2d 741 (1973). A sentence under the recidivist statute is only indirectly related to the offense itself; it is the statutorily prescribed punishment for the offense being tried which determines the number of peremptory challenges available to a defendant. *See* Anderson v. United States, D.C.App., 326 A.2d 807, 811 (1974); Smith v. United States, *supra*, 304 A.2d at 31–32; Lawrence v. United States, D.C.App., 224 A.2d 306, 307–308 (1966); Jackson v. United States, 95 U.S.App.D.C. 328, 330, 221 F.2d 883, 885 (1955). The offense of petit larceny alone could not have subjected Tatum to more than one year's imprisonment. He thus was entitled to only three peremptory challenges, and defense counsel's apparent recognition of that fact was correct.

Affirmed.

* Super.Ct.Cr.R. 24(b) provides:
   (b) *Peremptory Challenges.* All peremptory challenges shall be made at the bench. . . . If the offense charged is punishable by imprisonment for more than one year, each side is entitled to 10 peremptory challenges. If the offense charged is punishable by imprisonment for not more than one year or by fine or both, each side is entitled to 3 peremptory challenges.