## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff/Appellant

v.

## JOSE ANSELMO ORTIZ, Defendant/Appellee

Criminal No. 1984/67

District Court of the Virgin Islands

Div. of St. Croix

August 8, 1985

---

LAWRENCE SPIVACK, ESQ., Assistant Attorney General, Christiansted, St. Croix, V.I., *for plaintiff/appellant*

JOSEPH PONTEEN, ESQ., Public Defender, Christiansted, St. Croix, V.I., *for defendant/appellee*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

THE MATTER on appeal concerns a Territorial Court order dismissing an Habitual Offender Information filed against the defendant, Jose Anselmo Ortiz ("Ortiz"). The sole issue in this case is whether the Territorial Court has jurisdiction to sentence convicted defendants pursuant to the provisions of the Habitual Criminal Statute ("Statute"). Since we find that sentencing pursuant to the Statute is not offensive to the Territorial Court's subject matter jurisdiction, we will reverse the decision of the Territorial Court and remand this action for further proceedings not inconsistent with this opinion.

## I. FACTS

On May 21, 1984, Ortiz pled guilty before the Territorial Court to Assault Third Degree. 14 V.I.C. § 297(2). Prior to acceptance of this plea, the Government advised Ortiz that it intended to file an Habitual Criminal Information pursuant to 14 V.I.C. §§ 61–62. The Government filed this information of June 8, 1984. The Government included with the information a compilation of previous judgments indicating that the defendant had been convicted of eight prior felonies.[1]

---

[1] 1. Burglary Third Degree and Grand Larceny (June 12, 1976, Criminal No. 74/25).
 2. Escape from Custody (July 17, 1975, Criminal No. 75/51).

On July 5, 1984, the Territorial Court sentenced Ortiz for Assault in the Third Degree and on July 11, 1984, the Territorial Court dismissed the Habitual Criminal Information. In this order Judge Finch did not express his reasons for dismissing the Habitual Offender Information; however, we can assume that he adopted his analysis in Government of the Virgin Islands v. Gautier, Crim. No. 1981/15 (Terr. Ct. St. Croix May 5, 1981) (Territorial Courts lack jurisdiction to sentence defendants to the increased penalties required by the Statute because such penalties exceed five years of imprisonment). An appeal from this order brings this case before us.

## II. DISCUSSION

■ Congress has empowered the Virgin Islands Legislature to establish local courts and to vest these courts with jurisdiction over any cause not within the exclusive jurisdiction of the District Court of the Virgin Islands. 48 U.S.C. § 1611(a) & (b). This section specifically recognized the validity of local legislation, such as 4 V.I.C. § 76(b), which had previously established local courts. 48 U.S.C. § 1611(a). Section 76(b) provides that "the territorial court shall have original jurisdiction, concurrent with that of the district court, in all criminal actions wherein the maximum sentence does not exceed imprisonment for five years . . . ."

Whether the Territorial Court has jurisdiction to sentence defendants pursuant to the Habitual Offender statute presents a question of first impression. As stated, this statute provides for imprisonment in excess of five years.

Crucial to our analysis is the fine distinction between the definition of a court's subject matter jurisdiction and a court's sentencing authority. Ortiz, adopting the rationale from Gautier, argues that a court's grant of subject matter jurisdiction not only limits the type of case a court can hear but also the length of sentence a court may impose. Thus, the Territorial Courts are prevented from sentencing criminals pursuant to the Statute because the prescribed ten year minimum sentence falls outside the ambit of the Territorial Court's

3. Burglary Third Degree (May 26, 1976, Criminal No. 14/76).
4. Possession of an Unlicensed Firearm (May 26, 1976, Criminal No. 15/76).
5. Escape from Custody (September 3, 1976, Criminal No. 90/76).
6. Escape from Custody (September 1, 1976, Criminal No. 146/76).
7. Escape from Custody (October 1, 1980, Criminal No. 1980/40).
8. Assault First Degree (March 22, 1984, Criminal No. 84/5).

subject matter jurisdiction. We will reject this theory because it incorrectly equates two incongruent areas of authority.

We believe that a court's jurisdictional grant only determines the type of case a court can hear and does not limit the length of sentence a court may impose.

In our analysis we are guided by Lawrence v. United States, 224 A.2d 306 (D.C. Ct. App. 1966). This case is analogous to the present case for two reasons. First, in 1966 the District of Columbia's jurisdictional division between local and federal courts approximated the present Virgin Islands scheme. Moreover, these cases are factually analogous because Ortiz presents the identical arguments advanced by Lawrence.

Like Ortiz, the appellant in Lawrence argued that the trial court did not have subject matter jurisdiction to try him for the offense charged. Lawrence claimed that as a second offender he was subject to an enhanced penalty in excess of the jurisdictional limitation of the District of Columbia Court of General Sessions. At that time the D.C. Code vested in the Court of General Sessions jurisdiction of all offenses committed in the District for which the punishment was by fine or imprisonment for one year or less. The D.C. Code also vested concurrent jurisdiction over these offenses in the United States District Court for the District of Columbia.

Lawrence was charged with petit larceny which carried a penalty of a fine not more than $200 or imprisonment for not more than one year or both. Distinguishing a court's subject matter jurisdiction from a court's sentencing authority, the Appellate Court upheld the Court of General Session's ability to sentence defendants to enhanced penalties, greater than one year in prison, pursuant to the repeat offender statute. D.C. Code § 22-104. The Appellate Court stated:

> In adopting § 22-104 Congress did not intend to remove from the jurisdiction of the lower court crimes otherwise within its cognizance but rather to give that court authority to impose heavier penalties when confronted with second offenders. Under appellant's theory, where a crime is punishable by a maximum imprisonment of one year, only first offenders could be tried in the Court of General Session; second offenders, subject to § 22-104, would have to be charged and tried in the Federal District Court. We find no basis for such a contention, which confuses the power of the court to try an offense with the supplementary authority to impose penalties beyond its original jurisdictional limitation in cases involving repeaters.

■ We find persuasive the distinction between the power of a court to try an offense and the supplementary authority for a court to impose penalties. We therefore, will adopt the Lawrence court's analysis. We hold that sentencing criminals pursuant to the provisions of the Habitual Offender Statute is not offensive to the Territorial Court's subject matter jurisdiction. Moreover, we find that the Virgin Islands Legislature intended to vest the Territorial Courts with supplementary authority to sentence criminals pursuant to the Statute. Although no legislative history exists for this act, attached to appellant's brief is the affidavit of Britain H. Bryant, Esq., who in 1978 was an elected Senator to the Virgin Islands Legislature. Attorney Bryant was the sponsor of the Habitual Offenders Act and in his affidavit states:

> That, in committee and in debate the issue of this bill's application to both the District Court and the Territorial Court of the Virgin Islands was discussed; and it was the intention of the Legislature that the Habitual Offenders Act apply, in its entirety, to all Courts of the Virgin Islands.

We find further support for our holding in subsequent D.C. cases which have also cited Lawrence with approval. Harvin v. United States, 445 F.2d 675 (D.C. 1971); Tatum v. United States, 330 A.2d 522 (D.C. 1975); Smith v. United States, 304 A.2d 28 (D.C. 1973). These cases used the Lawrence analysis to determine when various constitutional rights attach to an individual.

For example, in Smith, supra, the defendant argued that her conviction was constitutionally defective because she was charged by information instead of by indictment. Although charged with petit larceny, which carried a one year maximum penalty, the defendant was a repeat offender and could have been sentenced to three years under the D.C. repeat offender statute. The defendant argued that since she faced this enhanced sentence, she had a Fifth Amendment right to be charged by indictment. In rejecting this argument the court acknowledged that crimes which carry an infamous punishment must be prosecuted by indictment. The court, however, adopted the Lawrence analysis and distinguished a court's statutory authority to try a crime from the ultimate punishment imposed. Citing Lawrence, supra, the court held that the punishment which determines the question of infamy is that which relates to the offense itself. The defendant in Smith was convicted of petit larceny; petit larceny was not an infamous crime because it carried a punishment of less than one year in jail. Even though the defendant

faced sentencing pursuant to a recidivist statute, the underlying crime was not an infamous one. The defendant therefore had no right to be charged by indictment.

Similarly, the court in Tatum v. United States, 330 A.2d 522 (D.C. 1975) also adopted the Lawrence analysis. In this case, the court employed the distinction between a court's jurisdiction and sentencing authority to determine the number of peremptory challenges a defendant should receive. Tatum was charged with petit larceny which carries a sentence less than *one* year. Prior to Tatum's trial, the government informed the defendant that if convicted the government would seek an enhanced punishment pursuant to the D.C. repeat offender statute. Like the defendant in Smith, Tatum could have received up to a three year sentence.

On appeal, the defendant argued that his counsel had rendered him ineffective assistance by failing to request ten peremptory challenges, given for offenses punishable by more than one year in prison, instead of the three peremptory challenges assigned to offenses punishable by less than one year. Citing both Lawrence and Smith, the Tatum court stated "[a] sentence under the recidivist statute is only indirectly related to the offense itself; it is the statutorily prescribed punishment for the offense being tried which determines the number of peremptory challenges available to a defendant." Tatum at 525.

### III. CONCLUSION

In summary we hold that sentencing pursuant to the Habitual Criminal Statute is not offensive to the Territorial Court's subject matter jurisdiction. We will therefore reverse the Territorial Court's decision and remand this matter to the Territorial Court for further proceedings not inconsistent with this opinion.

### ORDER

THIS MATTER is before the Court on appeal from the Territorial Court. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the Territorial Court order dismissing the Habitual Criminal Information be, and the same, is hereby REVERSED, and this matter be remanded for proceedings not inconsistent with this opinion.