DAUKSCH, Judge.
This is an appeal from a sentence. Appellant was convicted of lewd and lascivious assault and was given an enhanced penalty as an habitual felony offender. § 775.084, Fla.Stat. (1983). Because the felony for which appellant was sentenced was committed before the conviction used for enhancement purposes we do not deem appellant qualified for enhancement. As was said in Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), quashed on other grounds in State v. Snowden, 476 So.2d 191 (Fla.1985) “for a felony conviction to serve as a qualifying offense for purposes of enhanced sentencing under section 775.-084, the prior felony conviction must have occurred before, (and within five years of) the commission of the crime for which defendant is being sentenced.”
The state took the Snowden case to the supreme court, it reviewed it and quashed the portion dealing with double jeopardy and said nothing regarding the enhanced penalty portion of our Snowden opinion. That is tacit approval.
The sentence is reversed and this cause remanded for resentencing.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.