## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff/Appellee

v.

## EDWARD JAMES, Defendant/Appellant

Civil No. 1986/29

Terr. Court No. 1985/362

Terr. Court No. 1985/363

District Court of the Virgin Islands

Div. of St. Croix

Appellate Division

April 30, 1987

FRANK FORD, III, ESQ., St. Croix, V.I. *for appellant*

LAWRENCE SPIVAK, ESQ. and RICHARD O. BAKER, ESQ., Asst. Attorneys General (Department of Law), St. Thomas, V.I., *for appellee*

CHRISTIAN, *Presiding Judge*; O'BRIEN, *District Judge* and FEUERZEIG, *Territorial Court Judge*

## OPINION OF THE COURT

This appeal requires us to define some of the circumstances under which an habitual offender penalty may be imposed. We hold that the territorial court may sentence a defendant as a recidivist in any matter in which it has jurisdiction over the underlying substantive offense. We hold, moreover, that the territory's habitual offender statute applies solely to an offense committed after a prior conviction.

## I. FACTS

Appellant Edward James is a twice-convicted felon. He was first convicted by a district court jury on October 25, 1985, of second and third degree burglary, grand larceny, possession of stolen property, assault and possession of a dangerous weapon. James committed these crimes in June 1985. On March 4, 1986, Edwards

was convicted in the territorial court of third degree burglary, attempted grand larceny and possession of a dangerous weapon during the commission of a crime of violence, all crimes over which the territorial court has jurisdiction. These crimes were committed in March 1985.

Following the second conviction, the Government filed an habitual offender information and the territorial court imposed a recidivist sentence against James pursuant to 14 V.I.C. § 61(a) (Supp. 1986), which makes an enhanced penalty mandatory where the Government proves that the defendant has been convicted of two felonies.

James now appeals the enhanced penalty on the grounds that § 61(a)'s sanction may only be imposed on the basis of a felony that was committed after a prior conviction.

## II. DISCUSSION

A. *Jurisdiction*

The threshold issue in this appeal is whether the territorial court has the power to impose an habitual offender sentence that exceeds five years.

■ The territorial court has concurrent jurisdiction with the district court in all criminal actions wherein the maximum sentence does not exceed imprisonment for five years. 4 V.I.C. § 76(b) (Supp. 1986).[1] Pursuant to the recidivist laws, a criminal defendant may be subjected to an additional sentence upon a second conviction. 14 V.I.C. § 61 (Supp. 1986). In *Government of the Virgin Islands v. Ortiz*, 615 F. Supp. 61 (D.V.I. 1985), a ten-year sentence imposed by the territorial court pursuant to § 61(a) was upheld as consistent with local jurisdiction because the enhanced penalty does not constitute a substantive offense over which jurisdiction is limited by § 76(b).

Like the Ortiz appellant, James was convicted of felonies that are clearly within the territorial court's jurisdiction and received an additional ten-year sentence as an habitual offender. The parties were ordered to brief the jurisdictional issue to afford a three-

---

[1] The jurisdiction of the territorial court was extended in criminal matters to those actions wherein the maximum sentence does not exceed fifteen years. Act No. 5040 (December 20, 1984). However, the effective date of this provision was extended to October 1, 1991 by Act No. 5206 (November 17, 1986).

judge-appellate-panel review of the rule of Ortiz. We now adopt that rationale.[2]

Section 62(a) defines the procedure for imposing an habitual offender sentence. It provides:

> No person who stands convicted of an offense under the laws of the Virgin Islands shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to sentencing, the United States Attorney or the Attorney General of the Virgin Islands, as the case may be, files an information with the Clerk of the Court and serves a copy of such information on the person or counsel for the person, stating in writing the previous convictions to be relied upon. Upon a showing by the Government that facts regarding previous convictions could not with due diligence be obtained prior to sentencing, the court may postpone the sentencing for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

In dissent and concurrence, Presiding Judge Christian argues that because an habitual offender information may be filed by either the federal or local prosecutor "as the case may be," § 62(a) should be construed as mandating federal prosecution of all habitual offender informations seeking a sentence in excess of five years.

The more reasonable interpretation of this phrase is that the attorney general may file an habitual offender information in the territorial court in any case where the court has jurisdiction over the substantive offense. Thus, because the office of the attorney general properly filed its information against James in the territorial court, the post-conviction filing of the habitual offender information there was also proper, as was the imposition of sentence thereunder. This is the reasoning of Ortiz and merely reflects the important distinction between "the power of a court to try an offense and the supplementary authority for a court to impose penalties." 615 F. Supp. at 63. Moreover, as noted in Ortiz, "it was

---

[2] The decision in Ortiz was by a single district judge sitting as an appellate court. The trial judge herein correctly recognized it as binding for purposes of imposing a sentence. We heard oral argument and permitted briefing on the habitual offender issue to permit the issue to be further resolved by a three-judge-appellate-panel. The territorial court obviously remains bound by appellate decisions in the district court, whether by one judge or a panel.

208

the intention of the Legislature that the Habitual Offender Act apply, in its entirety, to all Courts of the Virgin Islands." Id.

The dissent's reliance on Martin v. United States, 283 A.2d 448 (D.C. App. 1971), does not mandate a different result. The Martin defendant was convicted of a firearms offense in the District of Columbia's equivalent of the territorial court, which had statutory authority to impose a maximum sentence of 18 months. Id. at 450. The defendant had been previously convicted of a firearms charge and, thus, faced sentencing under one of two recidivist statutes— a general one carrying a maximum penalty of 1½ years and a more specific one imposing a mandatory ten-year term on twice-convicted firearms offenders. The prosecutor elected before trial, as he was required to do by law, to pursue the former sanction and the defendant was sentenced to a one-year term.

On appeal, the defendant argued that the prosecutor was required to proceed under the harsher law, and that the local court lacked jurisdiction to try him. The Court of Appeals held that recidivist treatment for weapons violators was appropriate solely under the more specific ten-year penalty law and noted that, had this route been elected, a district court trial would have been required. However, the court upheld the substantive conviction because the one-year sentence was within the court's jurisdiction. Finally, the Martin court expressly affirmed Lawrence v. United States, 224 A.2d 306 (D.C. App. 1966), which was of central importance in Ortiz. Martin, supra at 481 n.5. The rule of Lawrence is that the local D.C. court had jurisdiction to impose a 1½-year recidivist sentence in appropriate cases.

There is a glaring distinction between the jurisdiction of the territorial court and that of the District of Columbia court. Section 76(b) defines jurisdiction by reference to the maximum penalty authorized for the substantive crime charged. By contrast, Congress specifically limited the length of sentence which the District of Columbia court could impose. The statutory schemes are conceptually distinguishable and we find, therefore, that the dissent's reliance on Martin is misplaced.

Finally, we note that the impracticability of transferring cases such as James' to the federal system for the habitual offender procedure dictates against such an interpretation. The district court docket would surge as would the workload of the federal prosecutors. And, consequently, the sentencing of the criminal would be bureaucratically delayed.

■ The most unfair ramification, however, is that transfers violate the basic precept that "sentence[s] should ordinarily be imposed by the Judge who presided at the trial." C. E. Torcia, Wharton's Criminal Procedure, § 609 p. 204 (12th ed. 1976). Accord Fed. R. Crim. P. 25. Section 61(a) subjects a twice-convicted felon like James to an habitual offender sentence of ten years to life imprisonment. It would obviously be difficult for the district judge to properly exercise this discretion without the benefit of the insights typically gleaned from pre-sentence observation of the defendant.

■ For the foregoing reasons, we hold that the territorial court may impose an habitual offender sentence exceeding five years in any case where it has jurisdiction over the underlying substantive offense.

B. *Sequence of Conviction*

The remaining issue is whether this sentence may only be imposed on the basis of a crime committed after a previous conviction.

The habitual offender statute provides in pertinent part:

Penalties

(a) Whoever, whether under the laws of the Virgin Islands, the United States or a state or territory thereof, or any other jurisdiction, has been convicted of an offense which would be a felony in the Virgin Islands, shall upon a subsequent conviction of a felony in the Virgin Islands, be incarcerated for a term of imprisonment of not less than ten years and may be incarcerated for the remainder of his natural life. If the last conviction is for a crime of violence, as defined in Title 23, section 451 of the Code, imposition or execution of this minimum period of incarceration shall not be suspended, nor shall probation be granted; neither shall parole or any other form of release be granted for this minimum period of incarceration.

14 V.I.C. § 61(a) (Supp. 1986).

The express language of § 61(a) mandates the imposition of an enhanced penalty upon "a subsequent conviction of a felony." It is silent, however, as to whether the primary felony—the crime triggering recidivist treatment—must have been committed after a previous felony conviction. The Government argues that this

210

silence should be construed to mean that the sequence of the convictions is immaterial. More persuasively, James argues that sequential convictions must be required to give the statute its intended effect—to punish persistent criminal activity more harshly. As noted earlier, James' second conviction, for which he was sentenced as an habitual criminal, was for a crime committed before the crime which resulted in his original conviction.

■ In line with the overwhelming majority of American jurisdictions, we will adopt the latter view. See, e.g., Annot., 24 A.L.R. (1952); Annot., 39 Am. Jur. 2d 307 (1968).[3]

The aim of recidivist laws is virtually universal. "Habitual offenders are not punished the second time for the earlier offense but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted." Graham v. West Virginia, 224 U.S. 620, 623 (1912). The rationale is that "'[i]t is the *commission* of the second felony *after conviction* for the first . . . that is deemed to make the defendant incorrigible.'" State v. Ellis, 333 N.W.2d 391, 394 (Neb. 1983) (emphasis in original) quoting Coleman v. Commonwealth, 125 S.W.2d 728 (1939).

The Supreme Court of Alaska eloquently stated its reasoning for embracing the rule that we adopt today:

> Habitual criminal statutes are founded on the general principle that persistent offenders should be subject to greater sanctions than those who have been convicted only once. These statutes serve as a warning to first time offenders and provide them with an opportunity to reform. *See* Moore v. Coiner, 303 F. Supp. 185 (N.D.W. Va. 1969); State v. Lohrbach, 217 Kan. 588, 538 P.2d 578, 581–82 (1975). It is only upon subsequent convictions for repeated criminal conduct that increasingly stiffer sentences are imposed. The reason the sanctions become increasingly severe is "not so much that [the] defendant has sinned more than once as that he is deemed incorrigible when he persists in violations of the law after conviction of previous infractions." Annot., 24 A.L.R.2d 1247, 1249 (1952).
>
> A majority of jurisdictions, recognizing both the purposes underlying habitual criminal statutes and the severity of their penalties, require for their application that prior convictions must precede the commission of the principal offense. Id. and

---

[3] This Court is legally bound to follow the majority rule. 1 V.I.C. § 4. *See* Polius v. Clark Equipment Co., 802 F.2d 75, 77 (3d Cir. 1986).

cases cited therein. As the state points out, in most of the cases construing the statutes, the sequence of prior convictions is not in issue. However, where the sequence of prior convictions is in issue, the rule followed in the majority of jurisdictions is that each successive felony must be committed after the previous felony conviction in order to count towards habitual criminal status. E.g., Johnson v. Cochran, 139 So.2d 673 (Fla. 1962); Gossett v. Commonwealth, 302 S.W.2d 380 (Ky. 1957); see State v. Johnson, 109 N.J. Super. 69, 262 A.2d 238 (1969) (second violation and indictment thereon must occur after first conviction); 4 Wharton's Criminal Procedure § 631 (12th ed. 1976); Annot., 24 A.L.R.2d 1247, 1249 (1952).

State v. Carlson, 560 P.2d 26, 28–29 (Ala. 1977).[4]

■ We agree that a recidivist sanction must be reserved for the defendant who persistently engages in criminal conduct after a conviction. Having once been burned, it is the conscious refusal to reform that presents an increased threat to society and which, in turn, justifies the harsher sentence. Since James was sentenced as a recidivist for the first felony he committed, the sentence imposed under § 61(a) must be vacated.

## III. CONCLUSION

In accordance with the foregoing, the sentence imposed on the appellant pursuant to 14 V.I.C. § 61(a) must be vacated.

### JUDGMENT ORDER

The Court having filed its Opinion dated April 30, 1987, and the premises considered, now therefore it is

ORDERED AND ADJUDGED:

That the sentence imposed by the Territorial Court on Appellant Edward James pursuant to the provisions of Title 14, V.I.C. § 61(a) be, and the same is, hereby VACATED and thus is hereby REMANDED to the Territorial Court of the Virgin Islands for

---

[4] Like § 61(a), the habitual offender statutes of Alaska and Nebraska were silent on the issue of sequence. See also State v. Tavaras, 630 P.2d 633, 636 (Hawaii 1981); People v. Nees, 615 P.2d 690, 693 (Colo. 1980); Populo v. State, 477 So. 2d 1081 (Fla. App. 1985). Several jurisdictions have incorporated this rule directly into their statutes. See Rogers v. United States, 419 A.2d 977, 981 (D.C. App. 1981); Rummel v. Estelle, 687 F.2d 651, 656 (5th Cir. 1978) aff'd 445 U.S. 263 (1980); State v. Anderson, 451 A.2d 1326, 1327 (N.J. App. 1982) aff'd 459 A.2d 302 (1983); Castle v. Gladden, 270 P.2d 675, 681–82 (Ore. 1954).

further proceedings consistent with the above-mentioned Opinion of this Court.

DATED this 15th day of June, 1987.

CHRISTIAN, *Presiding Judge,* concurring in part, dissenting in part.

The majority today vacates the sentence imposed by a judge of the Territorial Court of the Virgin Islands on Appellant Edward James pursuant to the provisions of this territory's Habitual Offender Statute, 14 V.I.C. § 61(a), but on the sole ground that the sanctions reserved for recidivists may be properly imposed only after conviction for criminal conduct committed subsequent to an earlier conviction. While I am in full agreement with that conclusion reached by the majority, I would go beyond the majority's position and hold that the Territorial Court of the Virgin Islands is wholly lacking in authority to entertain a criminal information filed pursuant to § 62 of Title 14, which seeks to have a defendant punished under § 61(a), or any portion of our habitual criminal statute other than §§ 61(c) and 61(d). To the extent then that it is the holding of the majority that a criminal information may be properly filed in the Territorial Court of the Virgin Islands pursuant to any and all sections of the Habitual Criminal Statute, I must respectfully dissent.

## A.

In concluding as it has, the majority did so by faithful adherence to the reasoning and holding of our prior decision in Government of the Virgin Islands v. Ortiz, 615 F. Supp. 61 (D.V.I. 1985). It is my view that Ortiz should be revisited, and then our permanent departure from its teachings taken. Ortiz, I am satisfied, is fatally flawed in two important respects. Firstly, in its reliance on Lawrence v. United States, 224 A.2d 306 (D.C. App. 1966) and secondly, by the inappropriate means by which the legislative history and intent respecting the Habitual Criminal Statute were ascertained and determined.

## I

It is quite true as the majority observed, there is somewhat of a parallel between the Virgin Islands with its Territorial and District Courts, and the District of Columbia, at the time of Lawrence, with its court of general sessions and the United States District Court for the District of Columbia. However, because of

statutory differences, the parallel is not total, and therein lies the potential for erroneous comparison and conclusions.

The controlling statute in Lawrence was section 22-104, of the District of Columbia Code. It is there provided that:

> [e]very person upon his second conviction of *any criminal offense* . . . may be sentenced . . . to suffer imprisonment for a period not more than one half longer than the maximum . . . imprisonment for the first offense . . . .

Under the D.C. statutory scheme, the enhanced punishment might be imposed at the option of the trial judge, provided that prior to commencement of the trial, the prosecutor had made known to the Court and the defendant that sentence would be sought pursuant to section 22-104. That statutory language makes abundantly clear the intention of The Congress that the very court which had jurisdiction to try the accused for the offense in question was authorized to impose section 22-104 punishment. No additional complaint or information need be filed, and not more was required once the trial judge properly elected to impose the greater penalty, than that the prior conviction be established. As the Lawrence court reasoned, and as the legislative history of section 22-104 indicated, The Congress did not intend by the adoption of that section to divest the court of general sessions of its jurisdiction over the underlying misdemeanor, but rather left it to the discretion of that court whether or not it would deal more harshly with the recidivist. To the same effect, in the District of Columbia, is Smith v. United States, 304 A.2d 28 (D.C. App. 1973). In further explication the Smith court stated that the D.C. Recidivist Statute was not part of the offense itself but merely made possible greater punishment for the crime.

The parallel between our situation and that as it formerly obtained in the District of Columbia is very close when the comparison is made between what I see as the situation in the Virgin Islands and the then existing condition in the District of Columbia when we make an analysis of the decision of the District of Columbia Court of Appeals in Martin v. The United States, 283 A.2d 448 (D.C. App. 1971). In Martin, the District of Columbia statute prohibited the possession of certain dangerous weapons making that offense punishable by fine, and imprisonment not to exceed one year. However, in the event of a conviction, after the defendant had been previously convicted in the District of Columbia of violating the same weapons section, or of a felony either in the

214

District of Columbia or in another jurisdiction, mandatory punishment of imprisonment for not more than ten years would be imposed. Section 22-3204 of the D.C. Code. In these circumstances, the District of Columbia Court of Appeals held that once the prosecutor elected to seek punishment under 22-3204, notice of which had to be given prior to trial, any proceeding against the defendant on that basis could be heard in the United States District Court for the District of Columbia and in that court only. It is to this District of Columbia position that this dissenting opinion would adhere. The parallel is closer and the ultimate result not only more reasonable, but more orderly as well.

## II

In Ortiz, we reached the conclusion, now transplanted into the majority opinion of today, that "it was the intention of the Legislature that the Habitual Offenders Act apply, in its entirety, to all courts of the Virgin Islands." Ante at 5, citing Government of the Virgin Islands v. Ortiz, supra at 63. The sole basis for this assumption was, and still is, the affidavit of a former member of the Legislature of the Virgin Islands, said to have been the Senator who introduced the amendment to Title 14 which has given us our Recidivist Statute in its present form. That affidavit was specifically prepared for its submission to the court in Ortiz, this because no legislative history for the habitual offender amending act is to be found. The Affidavit was prepared many years after the passage of the act and represents no more than the "after the fact" statement of but one of fifteen senators. Such an affidavit is not competent evidence based on which legislative intent may properly be determined.

In International Union of Electrical, Radio and Machine Workers v. Westinghouse, 631 F.2d 1094 (3d. Cir. 1980), cert. denied, 452 U.S. 964 (1981), the United States Court of Appeals for the Third Circuit contemplated a like affidavit, submitted in similar circumstances, and had this to say:

> As the amendment's sponsor, Senator Bennett's understanding of the amendment might have been entitled to some weight if it had been expressed contemporaneously with the passage of the legislation. (citations omitted.) Coming one year after the Bennett Amendment was enacted, however, the statement at best reflects what was on Senator Bennett's mind when he

215

introduced the amendment and is entitled to no weight. (citation omitted.)

Id. at 1104. The Court went on to say further:

... Senator Bennett's statement cannot express what was on Congress' collective mind when it acted a year earlier. . . .

Id. It is, therefore, clear that reliance on the former Senator's affidavit is misplaced and the finding of legislative intent, of which that affidavit is the sole support must necessarily fall.

## B.

Absent legislative history regarding the Habitual Criminal Statute as amended, we would more fruitfully seek the legislative intent underlying the recidivist statute by examination of the history of the sentencing jurisdiction of the Territorial Court and the plain language of the statute.

It is knowledge so common as not to require statutory reference, that in former times the Territorial Court (then the Municipal Court) could not impose a sentence in excess of one year. Later on that authority of the Territorial Court was increased to the imposition of a sentence of not more than five years. Recently the Legislature of the Virgin Islands, recognizing that the sentencing limits of the judges of the Territorial Court of the Virgin Islands was a maximum of five years, undertook by Act No. 5040, approved February 1, 1985, to increase the sentencing authority of that court to a maximum of fifteen years. However, for reasons not here pertinent, the Legislature deferred the effective date of that enactment to October 1, 1988, by Act No. 5045, approved March 1, 1985, and at the insistence of the very Territorial Court postponed the effective date further, to January 31, 1991, by Act No. 5206 duly passed by the Legislature on September 29, 1986, and permitted to become law without executive approval as of October 14, 1986.

When the amendment to the Recidivist Statute with which we are confronted was enacted into law, the Legislature did not legislate in a vacuum. It did so with the full knowledge of the limits it had placed on the Territorial Court sentencing authority, and it is in that context that the Habitual Criminal Statute must be read.

Section 62 is captioned *"Proceedings* to Establish Previous Conviction." (Emphasis supplied.) The pertinent words of that section are that:

216

[n]o person who stands convicted of an offense under the laws of the Virgin Islands shall be sentenced to increased punishment by reason of one or more previous convictions, unless prior to sentencing, the United States Attorney or the Attorney General of the Virgin Islands, *as the case may be*, files an information. . . ."

Here then a marked difference between our law and the D.C. section 22-104 is noted. Instead of proceeding, simply as an extension of the trial, to establish the prior conviction and to decide to mete out increased punishment as the judges under the D.C. Code had the option of doing, here in the Virgin Islands an information must be filed. Thus, a separate proceeding is required, with a hearing to follow.

In law, "proceedings" include:

all proceedings authorized or sanctioned by law, and brought or instituted in a court or legal tribunal, for the acquiring of a right or the enforcement of a remedy.

Further, procedure is:

[t]he mode of proceeding by which a legal right is enforced, as distinguished from the substantive law which gives or defines the right, and which, by means of the proceeding, the court is to administer; the machinery, as distinguished from its product.

Also, a "proceeding" is:

[i]n a general sense, . . . an act which is done by the authority or direction of the court, agency, or tribunal, express or implied; an act necessary to be done in order to obtain a given end; *a prescribed mode of action for carrying into effect a legal right. All the steps or measures adopted in the prosecution or defense of an action. The word may be used synonymously with "action"* or *"suit"* to describe the entire course of an action at law or suit in equity from the issuance of the writ or filing of the complaint until the entry of a final judgment, or may be used to describe any act done by authority of a court of law and every step required to be taken in any cause by either party. The proceedings of a suit embrace all matters that occur in its progress judicially. *Term "proceeding" may refer not only to a complete remedy but also to a mere procedural step that is part of a larger action or special proceeding.*

In law the word action is used interchangeably and synonymously with the proceeding. "Proceeding" means:

> any action, hearing, investigation, inquest, or inquiry (whether conducted by a court, administrative agency, hearing officer, arbitrator, legislative body, or any other person authorized by law) in which, pursuant to law, testimony can be compelled to be given.[1]

With the foregoing definitions in mind, we turn to § 76 of Title 14 of the Virgin Islands Code in which the jurisdiction of the Territorial Court of the Virgin Islands, concurrent with the District Court, is set out.

> . . .[T]he territorial court shall have original jurisdiction, concurrent with that of the district court in all *criminal actions* wherein the maximum sentence does not exceed imprisonment for five years or a fine as prescribed by law. (Emphasis supplied.)

In this jurisdiction, a "criminal action" is commenced with the filing of an information. It follows then that the proceedings outlined in § 62 is a separate and distinct criminal action from the one in which the defendant was convicted, and which triggered the Habitual Offender Statute. Unquestionably, no separate offense is defined but a different and distinct proceeding, a criminal action, is commenced with the filing of the information when it is sought to punish one as an habitual offender. It is clear that the Territorial Court of the Virgin Islands has no jurisdiction to entertain a "criminal action" wherein the sentence to be imposed exceeds five years. Thus, we reach the conclusion that except for §§ 61(c) and 61(d), no habitual criminal information may be filed in the Territorial Court of the Virgin Islands. To do otherwise would be to commence a criminal action which is beyond the competence of the Territorial Court.

## C.

If further support for the conclusion reached by this dissent is needed one need only read carefully what appears to this writer to be the carefully chosen words used in the enabling legislation. No person is to be punished as a recidivist unless "the United States Attorney or the Attorney General of the Virgin Islands, *as the case*

---

[1] All definitions quoted from Black's Law Dictionary, Fifth Edition. (Emphasis supplied.)

*may be,* files an information . . . ." The words "as the case may be" must have been used with a particular intent and purpose in mind. As the case may be should say to us that the United States Attorney will file an information in the District Court when it is appropriate for that official to do so, whereas the Attorney General of the Virgin Islands will file an information in the Territorial Court when it is within the competence of his office so to do. If this were not the legislative intent, the statute would have read simply that the United States Attorney or the Attorney General of the Virgin Islands files an information. As the case may be cannot refer to the court, Territorial or District. It refers to the filing of the information by the proper official.

### D.

I decline to be dissuaded by the tempting suggestion that the Habitual Criminal Offender Act as here interpreted would overburden the already heavily laden District Court. Nor do I think it of importance or significance that the interpretation urged by this dissent would require the Attorney General to refer certain matters to the United States Attorney in deference to that official's prosecutorial authority. Such referral occurs every day when matters are brought to the Office of the Attorney General and after investigation the determination is reached that a criminal action needs to be filed in which the maximum sentence exceeds five years. It has been ever thus, and will so continue until such time as the Legislature of the Virgin Islands, as it is fully authorized to do, confers upon the Territorial Court jurisdiction fully concurrent with the jurisdiction of the District Court. As to the argument of the burden on the District Court, it has to be deemed specious. Ortiz has been with us since 1985. We are now well into 1987. Although I have not researched the statistics, I think I can confidently say that in that span of time there have not been even half a dozen instances in which the Territorial Court has exercised jurisdiction pursuant to the Habitual Criminal Statute, in instances which this dissent holds it lacks authority to act.

It is for all the foregoing that I must respectfully dissent. We should overrule Ortiz.