**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant**
**v.**
**J.C., a minor, Appellee**

D.C. Crim. App. No. 2003-27

District Court of the Virgin Islands

Division of St. Thomas and St. John

June 5, 2006

MAUREEN PHELAN, A.A.G., St. Thomas, U.S.V.I., *Attorney for appellant.*

GEORGE H. HODGE, JR., ESQ., St. Thomas, U.S.V.I., *Attorney for appellee.*

FINCH, *Chief Judge of the District Court of the Virgin Islands*; GOMEZ, *Judge of the District Court of the Virgin Islands*; and

CABRET, *Presiding Judge of the Superior Court of the Virgin Islands, sitting by designation.*

## MEMORANDUM OPINION

(June 5, 2006)

The government appealed an order of the Family Division of the Superior Court[1] denying its request to transfer the minor appellee to the Superior Court's Criminal Division. At issue in this appeal is whether a minor may be transferred to the Criminal Division on the basis of having been previously adjudicated delinquent as a minor, even if the offense for which he is presently charged occurred before the act that was the basis of the prior adjudication. For the reasons explained below, we hold that he may not be transferred under these circumstances and thus we affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The material facts in this matter are not in dispute, and center on the order in which J.C., the minor appellee, allegedly committed certain crimes. The first crime at issue allegedly occurred on March 20, 2001. On that day, the government claims that J.C. robbed a man at gunpoint near the Western Cemetery located in Altona on St. Thomas. The victim reported the incident to police, but no arrest was made. On March 22, 2001, J.C. was arrested for a second crime which had taken place earlier that same day. J.C. pled guilty to that crime on April 22, 2002. J.C. was formally adjudicated delinquent for the March 22, 2001, offense on September 17, 2002.

On August 7, 2002, the alleged victim of J.C.'s first crime telephoned police and reported that J.C. was causing a disturbance in the victim's place of employment. The police were immediately dispatched to the scene, where they placed J.C. under arrest for the March 20, 2001, robbery. Thereafter, the government filed a complaint in the Family Division of the Superior Court of the Virgin Islands. The complaint

---

[1] At all times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to the Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the terms Superior Court and Superior Court Judge.

charges J.C. with two counts of grand larceny in violation of title 14, section 1083 of the Virgin Islands Code and one count of first degree robbery in violation of title 14, section 1862 of the Virgin Islands Code.

On August 28, 2002, the government filed a motion for a mandatory transfer of J.C. to the Criminal Division of the Superior Court, pursuant to title 5, sections 2508(b)(2) and (3) of the Virgin Islands Code. These sections provide two circumstances upon which a minor may be transferred to the Criminal Division:

> (b) If a child or adult is charged with an offense which would be a felony if committed by an adult, and the child or adult was fourteen years of age or older at the time of the alleged offense, the Family Division of the Superior Court, after a determination of probable cause, shall transfer the person for proper criminal proceedings to a court of competent criminal jurisdiction when:
>
> ...
>
> (2) the offense now charged is an offense which would be a violent crime, as defined herein, if committed by an adult and the person has at least once been adjudicated to be a delinquent child for an offense which would constitute a felony if committed by an adult; or
>
> (3) the offense now charged is an offense which would be a felony if committed by an adult and the person has at least once been adjudicated to be a delinquent child for an offense which would be a violent crime, as defined herein, if committed by an adult ... .[2]

5 V.I.C. § 2508. The government's motion sought to use the delinquency adjudication stemming from J.C.'s <u>second</u> offense as a basis for transferring the prosecution for the <u>first</u> offense to the Superior Court's Criminal Division.

On October 8, 2002, the trial court held a hearing on the government's transfer motion. At the close of the hearing, the hearing judge found that there was sufficient probable cause to support the transfer; that the minor was over fourteen years old at the time of the alleged offenses; that the alleged offenses were crimes of violence; and that the offenses would be

---

[2]    Title 5, section 2508(c) of the Virgin Islands Code defines violent crime as including "... robbery in the first, second, or third degree or an attempt to do so; [and] ... carrying or using a dangerous weapon ... ."

felonies if committed by an adult. However, the hearing judge denied the motion from the bench without prejudice, and effectively allowed the motion to be re-asserted by ordering the parties to submit briefs addressing the same timing issue that is the subject of this appeal. On December 11, 2002, the hearing judge issued a written memorandum and order denying the government's transfer request.

## II. JURISDICTION AND STANDARD OF REVIEW

The Virgin Islands Code provides this Court with appellate jurisdiction "to review the judgments and orders of the Territorial Court in ... all family cases." *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed V.I. CODE ANN. tit. 4, §§ 33-40, and reinstating appellate jurisdiction in this Court); see *also In re Richards*, 213 F.3d 773, 780, 42 V.I. 469 (3d Cir. 2000); *see also Gov't of the V.I. ex rel. A.M.*, 34 F.3d 153, 156, 30 V.I. 442 (3d Cir. 1994). A juvenile transfer order is considered a final appealable order that is appropriate for this Court's review. *See Gov't of the V.I. ex rel. A.M.*, 34 F.3d at 156 (holding that a transfer order falls within the collateral order doctrine and is thus appealable).

Although both parties agree the Court should apply a *de novo* standard of review, it is important to explain why that standard is appropriate. The decisions a hearing judge must make in evaluating a transfer motion, such as whether there is probable cause to support the transfer, are "committed to the sound discretion of the trial court" and generally can be reviewed only for an abuse of that discretion. *See Gov't of the V.I. ex rel. N.G.*, 119 F. Supp. 2d 525, 527 (D.V.I. App. Div. 2000) (quoting *Gov't of V.I. ex rel. M.B.*, 122 F.3d 164, 167, 37 V.I. 442 (3d Cir. 1997)). However, such deferential review is not provided when a party argues the hearing judge has fundamentally misconstrued the statute that sets forth the transfer system. *See Dennenberg v. Monsanto*, 168 F. Supp. 2d 494, 495 (D.V.I. App. Div. 2001) ("Where the issues on appeal involve the application of legal precepts and statutory construction, our standard of review is plenary."); *Gov't of the V.I. v. 0.459 Acres of Land*, 286 F. Supp. 2d 501, 505 (D.V.I. App. Div. 2003) (same). As such, the Court must apply a *de novo* standard in reviewing the hearing judge's interpretation of the transfer statute.

## III. ANALYSIS

This matter presents a question of statutory interpretation. Specifically, the Court must consider what impact, if any, a general policy statement regarding juvenile justice has on the legislature's system for transferring minors from the Superior Court's Family Division to be tried as adults in the Superior Court's Criminal Division. The relevant policy language is set forth in title 5, section 2501 of the Virgin Islands Code. Section 2501 is titled "A Children's Policy for the Territory" and codifies a series of general policy statements regarding treatment of children, including the treatment of minors in the juvenile justice system. For the present purposes, the relevant portions of section 2501 are as follows:

> (a) The purpose of this act is to establish a Children's Policy for the territory.
>
> (b) This policy shall be interpreted in conjunction with all relevant laws, regulations, and the cultural heritage of the child and shall apply to all children who have need of services including ... those who by their circumstance or action commit delinquent acts within this territory and are found to be in need of treatment or sanctions.
>
> (c) The policy for children who commit delinquent acts is a balance between treatment and sanctions. Emphasis is placed upon public safety and deterrence. Children should become aware through the imposition of sanctions that delinquent behavior will not be excused. Sanctions will be dispensed in a manner that is "appropriate to the seriousness of the offense".
>
> (d) It shall be the policy of this territory to concentrate on the prevention of children's problems as the most important strategy which can be planned and implemented on behalf of children and their families. ...

5 V.I.C. § 2501.

The Code sections following section 2501's general pronouncements concern a wide range of child-related topics, including, at section 2508, the system for transferring minors to the Superior Court's Criminal

Division.[3] *See* 5 V.I.C. §§ 2501-2554. Section 2508's transfer procedures demand that some juveniles be transferred to the Criminal Division depending on the minor's age, the minor's criminal history, and the nature of the alleged criminal act. Given the appellant's age at the time of the alleged March 20, 2001, offense, and that he had been adjudicated delinquent for the March 22, 2001, offense, the parties agree that the portions of section 2508 at issue in this matter are sections (b)(2) and (b)(3).

Interpreting the statutory language of those two sections, the trial judge ruled that the minor appellee did not fall within section 2508's mandatory transfer scheme because the prior adjudication asserted as the basis for the transfer was for an offense that occurred after the charged offense. The trial judge noted that the literal wording of section 2508 would seem to require transfer of the appellee. However, rather than reading the section literally and in isolation, the trial judge interpreted it in conjunction with the policy goals expressed in section 2501. Given section 2501's stated policy goals, the trial judge held that the minor could only be transferred to the Criminal Division pursuant to section 2508 if the delinquent act that formed the basis for the prior adjudication occurred before the presently charged offense. In reaching this holding, the trial judge stated:

> It would be contrary to the statute's purpose if courts were to hold children responsible for all their bad acts without taking into account when those acts took place. In other words, if a child commits two bad acts and is punished for the second, it would be absurd to hold out the first bad act as proof that the child had not been rehabilitated.

[J.A. at 18.]

The government appealed the trial judge's decision to this Court, arguing that it improperly ignored the literal language of section 2508, and read into the statute a requirement that the delinquent act at issue be committed after the prior adjudication. The government contends no such requirement exists, as "[t]he statute requires only that, at the time of the

---

[3]    Pursuant to title 4, section 172 of the Virgin Islands Code, the Superior Court's Family Division has original jurisdiction over any child who is alleged to have committed a delinquent act, that is an act that would constitute a crime if committed by an adult under the law of the Virgin Islands. *See also* 5 V.I.C. § 2502 (defining "delinquent act").

transfer hearing, a prior adjudication exists." [Appellant Br. at 10.] In contrast, the appellee argues the trial judge properly interpreted section 2508 in harmony with the overall policy goals expressed in section 2501.

"[S]tatutory interpretation begins with the language of the statute itself." *Virgin Islands v. Knight*, 989 F.2d 619, 633 (3d Cir. 1993) (citing *Penn. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 557-58, 110 S. Ct. 2126, 109 L. Ed. 2d 588 (1990)). "If the statutory language is clear, a court must give it effect unless this 'will produce a result demonstrably at odds with the intention of the drafters.'" *Id.* (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S. Ct. 3245, 73 L. Ed. 2d 973 (1982)); *see also Magic Restaurants, Inc. v. Bowie Produce Co. (In re Magic Restaurants, Inc.),* 205 F.3d 108, 116 (3d Cir. 2000) ("Even where the express language of a statute appears unambiguous, a court must look beyond that plain language where a literal interpretation of this language would thwart the purpose of the overall statutory scheme [or] would lead to an absurd result ... ." (internal citations omitted)).

The government invites this Court to find error in the trial court's interpretation of section 2508 by interpreting one portion of the children's policy in a vacuum. That approach is contrary to a basic tenet of statutory interpretation which requires that we "look to the provisions of the whole law, and to its object and policy." *United States Nat'l Bank v. Independent Ins. Agents of Am.*, 508 U.S. 439, 455, 113 S. Ct. 2173, 124 L. Ed. 2d 402 (1993) (quoted in *Mitchell v. Cellone*, 389 F.3d 86, 89 (3d Cir. 2004)). Section 2508 must be read in connection with the policy objectives stated in section 2501.

Section 2501's emphasis on prevention and deterrence make clear that section 2508's recidivist statute should be interpreted to further section 2501's policy goals:

> (c) The policy for children who commit delinquent acts is a balance between treatment and sanctions. Emphasis is placed upon public safety and *deterrence.* ...

> (d) It shall be the policy of this territory to concentrate on the *prevention* of children's problems as the most important strategy which can be planned and implemented on behalf of children and their families. ...

5 V.I.C. § 2501 (emphasis added). This Court explained the purpose of recidivist laws in *Government of the Virgin Islands v. James*, 23 V.I. 205 (D.V.I. App. Div. 1987). In *James,* this Court observed that recidivist laws provide heavier penalties for habitual offenders because such statutes "serve as a warning to first time offenders and provide them with an opportunity to reform." *Id.* at 211 (quoting *State v. Carlson*, 560 P.2d 26, 28-29 (Alaska 1977)). "It is the *commission* of the second felony *after conviction* for the first ... that is deemed to make the defendant incorrigible." *Id.* at 211 (quoting *State v. Ellis*, 214 Neb. 172, 333 N.W.2d 391, 394 (1983)).

In the present case, J.C.'s alleged offense on March 20, 2001, occurred before he had been adjudicated as a delinquent. Thus, J.C.'s prior adjudication as delinquent, within the context of the recidivist transfer statute, could not serve to deter or warn him; he was not given the opportunity to reform. As this Court has previously observed, a majority of jurisdictions require that prior convictions precede the commission of the principal offense for habitual criminal statutes to apply. *James*, 23 V.I. at 211. Absent this requirement, the purpose of the children's policy would be thwarted. Accordingly, we will decline the government's invitation to interpret the statute in a manner inconsistent with the policy and relevant caselaw.

## IV. CONCLUSION

Because the plain meaning of section 2508 would produce a result contrary to the clear legislative intent, section 2508 should not be applied to transfer J.C. to the Criminal Division. Thus, the order denying the government's transfer request will be affirmed.