**MUNICIPALITY OF ST. THOMAS AND ST. JOHN, et al.**

v.

**ROY P. GORDON, et al.**

Civil No. 56-1947

District Court of the Virgin Islands

Div. of St. Thomas and St. John at Charlotte Amalie

June 1, 1948

*See, also, 78 F. Supp. 440*

WILLIAM H. HASTIE, *pro se*
MAAS & BAILEY, St. Thomas, Virgin Islands (DAVID E.
 MAAS, St. Thomas, Virgin Islands, of counsel), *for de-*
 *fendants*

MOORE, *Judge*

This matter came on to be heard upon the petition of the Honorable William H. Hastie, Governor of the Virgin Islands, asking the Court to give a declaratory judgment against the defendants, the Honorable Roy P. Gordon and the Honorable Oswald E. Harris, members of the Municipal Council of Saint Thomas and Saint John, declaring the rights and duties of the parties herein as to the validity of the appointment of the defendants to the Police Commission of the Municipality of St.

Thomas and St. John by the said Municipal Council of which they are members, in order that such a declaration shall have the force and effect of a final judgment; to adjudge, decree and declare the law of June 25, 1920, "to provide for a Municipal Police Force for St. Thomas and St. John and for its organization and regulation," insofar as it provides for the appointment of police commissioners by the Municipal Council, invalid and in violation of the Constitution and laws of the United States and the Organic Act of the Virgin Islands; and that the Court enter a judgment or decree ousting the defendants from the offices of commissioners of police for the Municipality of St. Thomas and St. John.

A stipulation and agreed statement of facts have been filed by both parties herein as follows:

"It is hereby stipulated and agreed by and on behalf of the plaintiffs and the defendants herein as follows:

"1. That plaintiff William H. Hastie is and at all times pertinent to this complaint has been the Governor of the Virgin Islands and brings this action in his official capacity as Governor and also in behalf of the Municipality of St. Thomas and St. John, of which he is the principal executive.

"2. That defendants Roy P. Gordon and Oswald E. Harris are members of the Municipal Council of St. Thomas and St. John, and have been elected and appointed members of the Municipal Police Commission of St. Thomas and St. John by the Municipal Council of St. Thomas and St. John, and are now exercising the functions of said office.

"3. That a local law of June 25, 1920 [Ordinance Col. Council St. T. and St. J.], 'to provide for a Municipal Police Force for St. Thomas and St. John and for its Organization', provides in Section 12, subsection (2) [sec. 12, par. a; 3 V.I.C. § 255 note] thereof that 'There

shall be appointed a Municipal Police Commission composed of the Director of Police and four citizens; two appointed by the Governor and two by the Colonial Council . . .

"4. That the Municipal Council of St. Thomas and St. John is successor in authority and title of the Colonial Council.

"5. That the Governor of the Virgin Islands has formally advised the Municipal Council of St. Thomas and St. John that it is without legal power to appoint members of any executive or administrative board or commission."

The Police Commission of St. Thomas and St. John is an executive commission and its duties are defined in the terms of the aforesaid 1920 ordinance, as follows: "To protect persons and property, maintain and preserve public order, present, detect and repress crime, and, within the sphere of its duties, enforce obedience to the laws, and to rules and regulations in pursuance of law, throughout the said Municipality."

The sole legal question raised for judicial decision, therefore, is whether under the Organic Act of the Virgin Islands (1936), the said members of the legislative body may appoint members to such an executive administrative board, or whether appointments to such executive and administrative boards is a function wholly within the power and authority of the Executive.

The plaintiffs herein have based their argument upon the doctrine of separation of powers and in support of their argument have quoted the decision of the Supreme Court of the United States in the case of Springer v. Philippine Islands, 277 U.S. 189, 201, 202, 48 S. Ct. 480, 482, 72 L. Ed. 845, 849.

The Organic Act of the Virgin Islands also divides the government into three separate departments: the legis-

lative, executive and judicial, and this brings us to a consideration as to whether or not the grant of powers to both executive and legislature are the same in the organic acts of the Philippines and of the Virgin Islands.

1. As to the legislative department we find the following comparison:

a. The Organic Act of the Philippines (1916) provides: "General legislative power, except as otherwise provided in this chapter, is granted to the Philippines legislature [48 U.S.C. § 1041]," and

b. The Organic Act of the Virgin Islands provides: "All local legislative powers in the municipality of Saint Thomas and Saint John, except as [herein] otherwise provided . . . shall be vested in a local legislative assembly which shall be designated the 'Municipal Council of Saint Thomas and Saint John' [§ 6; prec. 1 V.I.C.; 48 U.S.C. § 1405e]."

It is clear, therefore, that the grant of powers to the Philippine legislature is the same as the grant of powers to the "Municipal Council of Saint Thomas and Saint John," each having been granted general legislative powers except as otherwise provided in the respective acts.

2. As to the executive departments, we find the following comparison:

The Organic Act of the Philippines provides as to the executive —

a. "He shall have general supervision and control of all of the departments and bureaus of the government in the Philippine Islands [48 U.S.C. § 1111],"
and the Organic Act of the Virgin Islands provides as to the executive —

b. "He shall have general supervision and control of all executive and administrative departments, bureaus and offices of the Government of the Virgin Islands [§ 20; prec. 1 V.I.C.; 48 U.S.C. § 1405s]."

112

Likewise it is also clear that the grant of powers to the Philippines executive is the same as the grant of powers to the executive of the Virgin Islands.

■-■ Having seen, therefore, that the grants of powers in the two cases are the same, the decision of the United States Supreme Court in the Springer case would clearly have the same force and effect in interpreting this same question under the Organic Act of the Virgin Islands; hence, the following quotations from that decision are equally applicable in this case involving the same question:

The Supreme Court said in the Springer case:

"Thus the Organic Act, following the rule established by the American Constitutions, both state and federal, divides the government into three separate departments — The legislative, executive, and judicial. Some of our state constitutions expressly provide in one form or another that the legislative, executive, and judicial powers of the government shall be forever separate and distinct from each other. Other Constitutions, including that of the United States, do not contain such an express provision. But it is implicit in all, as a conclusion logically following from the separation of the several departments.

"See Kilbourn v. Thompson, 103 U.S. 168, 190, 191, 26 L. Ed. 377. And this separation and the consequent exclusive character of the powers conferred upon each of the three departments is basic and vital — not merely a matter of governmental mechanism. That the principle is implicit in the Philippine Organic Act does not admit of doubt. See Abueva v. Wood, 45 Phil. 612, 622, 628 et seq.

"It may be stated then, as a general rule inherent in the American constitutional system, that, unless otherwise expressly provided or incidental to the powers conferred, the Legislature cannot exercise either executive or judi-

cial power; the executive cannot exercise either legislative or judicial power; the judiciary cannot exercise either executive or legislative power. The existence in the various constitutions of occasional provisions expressly giving to one of the departments powers which by their nature otherwise would fall within the general scope of the authority of another department emphasizes, rather than casts doubt upon, the generally inviolate character of this basic rule.

"Legislative power, as distinguished from executive power, is the authority to make laws, but not to enforce them or appoint the agents charged with the duty of such enforcement. The latter are executive functions. It is unnecessary to enlarge further upon the general subject, since it has so recently received the full consideration of this court. Myers v. United States, 272 U.S. 52, 47 S. Ct. 21, 71 L. Ed. 160.

"Not having the power of appointment, unless expressly granted or incidental to its powers, the Legislature cannot engraft executive duties upon a legislative office, since that would be to usurp the power of appointment by indirection; though the case might be different if the additional duties were devolved upon an appointee of the executive. Shoemaker v. United States, 147 U.S. 282, 300, 301, 13 S. Ct. 361, 37 L. Ed. 170, 185, 186. Here the members of the legislature who constitute a majority of the 'board' and 'committee,' respectively are not charged with the performance of any legislative functions or with the doing of anything which is in aid of the performance of any such functions by the Legislature. Putting aside for the moment the question whether the duties devolved upon these members are vested by the Organic Act in the Governor General, it is clear that they are not legislative in character, and still more clear that they are not judicial. The fact that they do not fall within the

authority of either of these two constitutes logical ground for concluding that they do fall within that of the remaining one of the three among which the powers of government are divided. Compare Myers v. United States, supra, 272 U.S. at pages 117, 118, 47 S. Ct. 21, 71 L. Ed. 166, 167 . . .

"Whether the members of the 'board' or the 'committee' are public officers in a strict sense, we do not find it necessary to determine. They are public agents at least, charged with the exercise of executive functions and, therefore, beyond the appointing power of the Legislature."

█ The Organic Act of the Virgin Islands, and the Organic Act of the Philippines in force before the independence of the Philippine Islands, are identical in providing the three separate departments of government. This case, therefore, leaves no doubt that appointments to the Police Commission of St. Thomas and St. John and to all other executive commissions are executive functions and beyond the appointing power of the legislature; that the provision in the Ordinance of June 25, 1920, that two members of the said Police Commission shall be appointed by the Colonial Council, is invalid and illegal per se, and in violation of the Organic Act of the Virgin Islands and the Constitution and laws of the United States; and that the defendants herein serving as members of the said Police Commission by virtue of appointment of the said Municipal Council are without proper authority to serve as members of the said commission.

The defendants have argued that the Virgin Islands are a territory of the United States to which the Constitution of the United States applies only insofar as it is extended by Congress, and that the doctrine of the separation of powers does not apply in the Virgin Islands, as such doctrine is not expressly stated in the Organic Act

115

passed by Congress. This question, however, has been resolved by the decision in the Springer case, where the doctrine was not expressly extended by Congress, but where the Organic Act did set up and divide the government into the three departments of legislative, executive and judicial, with those functions assigned to each as in the Organic Act of the Virgin Islands. There the court decided as noted above that it was implicit in the Act.

■ Defendants further argue that the exclusive right to exercise the power of appointment is not inherent or included in the general grant of power to the executive branch. However, the court in the Springer case has answered this question in the quoted portion above, in which the court said: ". . . it is clear that they are not legislative in character, and still more clear that they are not judicial. The fact that they do not fall within the authority of either of these two constitutes logical ground for concluding that they ·do fall within that of the remaining one of the three among which the powers of government are divided."

■ The defendants have further argued that the plaintiffs are barred by the statute of limitation; that by length of time plaintiffs have waived any right of action; that plaintiffs are guilty of laches, and that plaintiffs are estopped from bringing this proceeding; and cite in support thereof the Municipal Code (1921) of St. Thomas and St. John (Title III, ch. 2, § 3; 5 V.I.C. § 31(2)(A)), which provides: "An action for any cause not hereinbefore provided for shall be commenced within 10 years after the cause of action shall have accrued."

This court need not go into the question of whether or not this argument would be valid, governing the period prior to the passage of the present Organic Act of 1936, as it seems clear from the decision in the Springer case, First, that upon the passage of the Organic Act of 1936,

the Municipal Council of St. Thomas and St. John no longer had such power of appointment, even if it did have it prior to that Act; Second, that upon the passage of the said Act of 1936 such appointments by the Municipal Council of St. Thomas and St. John became illegal per se; and, Third, that the Act of 1936 also made this provision of the 1920 Ordinance illegal per se, if it was not already so. Therefore, the question of the legality of the instant appointments does not come under the rule in constitutional law that estoppel may operate to prevent a party from asserting that an act is unconstitutional, for the appointments themselves are illegal per se, which is the exception to the general rule cited by defendants. 11 Am. Jur. Constitutional Law, secs. 119-120-121.

 The statute of limitations quoted by defendants herein is an enactment of the Municipal Council itself and cannot act to relieve that same body of another of its enactments which is illegal per se. Nor would the question of waiver by the executive be a valid argument, for even if it is argued that the executive approved the Act of 1920, which per se became illegal upon the passage of the Organic Act of 1936 by Congress, it is clear that the executive could not either directly or indirectly by laches, delegate to the legislature his powers of discretion in the appointment of members of any executive board. Either such delegation of discretion would be an illegal act on the part of the executive, and even if it were not questioned over a period of years by the executive, he could not give sanction to his own illegal act by not questioning it over a period of years. Nor would the Municipality of St. Thomas and St. John be estopped from raising this question in behalf of the People of this subdivision of the Virgin Islands if these appointments are invalid and illegal per se and are therefore inoperative as far as membership is concerned upon this commission

117

which has to do with the affairs of the People of the Virgin Islands.

However, notwithstanding the above, plaintiffs answered this as a matter of fact, showing that every Governor of the Virgin Islands subsequent to the passage of the Organic Act has vigorously protested any right or power of the legislature to make such appointments.

██ Defendants have further argued that the Governor of the Virgin Islands is a limited executive and that certain powers of appointment under the Organic Act rests within the authority of the Department of the Interior. It seems very clear, however, from the portions of the Organic Act quoted above and from the quoted portions of the Springer case above, that the Governor of the Virgin Islands has the appointive power in all executive appointments for the Virgin Islands, except those specifically placed elsewhere. Moreover, those which the defendants cite as exceptions placed under the Department of the Interior are still in the executive department of government.

It is the opinion of this court, therefore, (1) that the provision of the Municipal Ordinance of June 25, 1920, which provides for the appointment of two members of the Police Commission of St. Thomas and St. John by the Municipal Council of St. Thomas and St. John is illegal and invalid, (2) that the Municipal Council of St. Thomas and St. John has no power to make appointments to executive boards or commissions, and (3) that the defendants Honorable Roy P. Gordon and Oswald E. Harris have no authority to serve and are not duly constituted members of the Police Commission of St. Thomas and St. John.

Order may be drawn in conformity with this opinion.