**GOVERNMENT OF the VIRGIN ISLANDS, Plaintiff,**

v.

**Adelbert BRYAN, Defendant.**

**Cr. No. 1989–129.**

United States District Court,
D. Virgin Islands,
Division of St. Croix.

Jan. 29, 1990.

---

See also, 731 F.Supp. 720.

L.C. Wright, Sp. Asst. U.S. Atty. Christiansted, St. Croix, U.S. Virgin Islands, for the Government.

Jeffrey B.C. Moorhead, Law Offices of Winston Hodge, Christiansted, St. Croix, U.S. Virgin Islands, for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge, Sitting by Designation.

Defendant Adelbert Bryan has filed a motion to dismiss the information against him on the ground that this Court lacks jurisdiction. Defendant Bryan's claim rests on three premises. He argues first that the two offenses which he is accused of committing—grand larceny and possession of stolen property—carry a maximum ten years' prison term each. Second, the defendant asserts that on October 1, 1987 the Virgin Islands Legislature vested in the Territorial Court authority to adjudicate every criminal action arising under local law for which the penalty is fifteen years' incarceration or less. Last, the defendant contends that given Section 22(b) of the Revised Organic Act of 1954 restricts the general original jurisdiction of the District Court to causes not vested by local law in the Territorial Court, jurisdiction over criminal actions for which the penalty does not exceed fifteen years' imprisonment resides exclusively within the Territorial Court. In consequence, the defendant argues, not only does this Court lack jurisdiction to hear the criminal proceedings against him, but also virtually every conviction and guilty plea had in the District Court of the Virgin Islands since October 1, 1987 is illegal. Because the Court concludes that the defendant's claim is predicated upon an erroneous and spurious construction of the pertinent legislative enactments, the motion to dismiss is denied.

### I.

Article IV of the United States Constitution devolves upon Congress plenary power to regulate federal territories. *See Palmore v. United States*, 411 U.S. 389, 93 S.Ct. 1670, 36 L.Ed.2d 342 (1973); *American Ins. Co. v. Canter*, 26 U.S. (1 Pet.) 511, 7 L.Ed. 242 (1828); *United States v. Canel*, 708 F.2d 894, 896 (3d Cir.), *cert. denied*, 464 U.S. 852, 104 S.Ct. 165, 78 L.Ed.2d 151 (1983). Pursuant to that authority, Congress passed the Revised Organic Act of 1954, Act of July 22, 1954, ch. 558, 68 Stat. 497, 48 U.S.C. § 1541 *et seq.*, which defines the general contours of government in the Virgin Islands. *Granville–Smith v. Granville–Smith*, 349 U.S. 1, 4, 75 S.Ct. 553, 555, 99 L.Ed. 773 (1955); *Virgo Corp. v. Paiewonsky*, 384 F.2d 569, 576–78 (3d Cir.

1967), *cert. denied,* 390 U.S. 1041, 88 S.Ct. 1634, 20 L.Ed.2d 303 (1968). In so doing, Congress established a tripartite structure, dividing power between executive, judicial, and legislative branches. *Territorial Court of the Virgin Islands v. Richards,* 673 F.Supp. 152, 157 (D.V.I.1987), *aff'd,* 847 F.2d 108 (3d Cir.), *cert. denied,* 488 U.S. 955, 109 S.Ct. 390, 102 L.Ed.2d 380 (1988); *Municipality of St. Thomas v. Gordon,* 78 F.Supp. 440, 443–44 (D.V.I.1948).

■ Section 21(a) of the Revised Organic Act created the District Court of the Virgin Islands. 48 U.S.C. § 1611(a). Although the District Court of the Virgin Islands is vested with jurisdiction to entertain federal matters, it is not an article III court. *American Fidelity Fire Ins. v. Construcciones Werl, Inc.,* 1975 St. Croix Supp. 438, 469 (D.V.I.1975). Rather, because the District Court possesses original jurisdiction over certain questions of local law, 48 U.S.C. § 1612, and serves as an appellate tribunal for decisions by the local court, 48 U.S.C. § 1613a, it is "an institution with attributes of both a federal and a territorial court." *Barnard v. Thorstenn,* 489 U.S. 546, 549, 109 S.Ct. 1294, 1298, 103 L.Ed.2d 559 (1989).

Section 22 of the Revised Organic Act, as amended, Act of Oct. 5, 1984, P.L. 98–454, Title VII, § 703, Title X, § 1001, 98 Stat. 1738, 1745, 48 U.S.C. § 1612, also empowered the Territorial Legislature—a unicameral body established pursuant to Section 5 of the Revised Organic Act, 48 U.S.C. § 1571—to create local courts and vest within them jurisdiction over "all causes in the Virgin Islands" over which the District Court does not possess exclusive jurisdiction. 48 U.S.C. § 1611(b). On May 16, 1957, the Territorial Legislature established the Municipal Court of the Virgin Islands, *see generally Homer v. Lorillard,* 6 V.I. 558, 567–69 (Mun.Ct.1967), which was later redesignated as the Territorial Court. Act of Sept. 9, 1976, No. 3876, § 5, 1976 Sess.L. 197, 4 V.I.C. § 2. It is the scope of that Court's criminal jurisdiction that forms the basis of the present controversy.

## II.

### A.

In 1976, the Virgin Islands Legislature passed Act 3876, which bestowed upon the Territorial Court original jurisdiction, concurrent with that of the District Court, over "all criminal actions wherein the maximum sentence exceeds a fine of $100 or imprisonment for six months but does not exceed imprisonment for one year or a fine as prescribed by law." The Legislature further mandated that two years after the Act's effective date the Territorial Court would assume original jurisdiction, concurrent with the District Court's, "in all criminal actions wherein the maximum sentence does not exceed imprisonment for five years or a fine as prescribed by law." Act of Sept. 9, 1976, No. 3876, § 2(b), 1976 Sess.L. 189. The measure was codified at 4 V.I.C. Section 76(b) and remained unaltered until 1984.

On December 20, 1984, the Fifteenth Virgin Islands Legislature passed Act 5040. Act 5040, Section 3 stated in full:

(a) Title 4, Section 76, subsection (b) Virgin Islands Code is amended as follows:

"(b) The territorial court shall have original jurisdiction, concurrent with that of the district court, in all criminal actions wherein the maximum sentence does not exceed imprisonment for 15 years or a fine as prescribed by law."

(b)(1) One year after the effective date of this Act, the Territorial Court shall have original jurisdiction, concurrent with that of the District Court in all criminal actions unless within the year the Presiding Judge of the Territorial Court, after making an assessment of the case load under the jurisdiction in subsection (a) of this Section, determines that the increase of its jurisdiction would be burdensome to the court.

(2) The Presiding Judge of the Territorial Court shall report the results of the assessment mandated by paragraph (1) of this subsection to the Legislature not later than January 31, 1986.

(c) This Section shall become effective March 1, 1985.

Act of Feb. 1, 1985, No. 5040, § 3, 1984 Sess.L. 464. The Governor approved the item on February 1, 1985.

On February 28, 1985, the Sixteenth Legislature passed Act 5045, denominated by that body as a measure to "delay the effective date ... of Section 3 of Act 5040, which expands the jurisdiction of the Territorial Court." Act of Mar. 1, 1985, No. 5045, 1985 Sess.L. 3. Section 1 of Act 5045 amended Section 3 of Act 5040, although the former did nothing to disturb the substance of the two-tiered expansion of territorial jurisdiction over local criminal matters. As amended by Act 5045, Act 5040, Section 3, subsection (a) still vested in the Territorial Court "original jurisdiction in all criminal actions wherein the maximum sentence does not exceed imprisonment for 15 years or a fine as prescribed by law." Similarly, Act 5040, Section 3, subsection (b), paragraphs (1) and (2), as amended by Act 5045, still provided that one year after the effective date of Section 3, the Territorial Court would possess authority to adjudicate "all criminal actions," regardless of penalty, and that the Presiding Judge would report to the Legislature on or before a date certain. Act 5045 did, however, postpone the effective date of Act 5040, Section 3 by amending subsection (c) to read "October 1, 1987," instead of "March 1, 1985." Act 5045 was approved by the Governor on March 1, 1985.

At the "insistence" of the Territorial Court, *Government of the Virgin Islands v. James*, 23 V.I. 205, 216 (D.V.I.1987) (Christian, J., concurring in part, dissenting in part), the Legislature promulgated Section 107 of Act 5206 in order to delay even further the effective date of Act 5040, Section 3. Passed on September 29, 1986, Act 5206 provided:

SECTION 107. Act 5040, Section 3, subsections (b) and (c), as amended by Act 5045, Section 1, are amended to read as follows:

"(b)(1) One year after the effective date of this Section, subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by Sections 21 and 22 of the Revised Organic Act of the Virgin Islands, as amended, the Territorial Court shall have original jurisdiction in all criminal actions.

(2) The Presiding Judge of the Territorial Court shall assess the case load which the Court will assume after the increase in its jurisdiction pursuant to this Act. The Presiding Judge shall report the results of the assessment to the Legislature not later than January 31, 1991.

(c) This Section shall become effective October 1, 1990."

Act of Oct. 14, 1986, No. 5206, § 107, 1986 Sess.L. 236.

### B.

■ In interpreting a legislative pronouncement, this Court must begin with its plain language and need not review the legislative history if it is unambiguous on its face. *TVA v. Hill*, 437 U.S. 153, 184 n. 29, 98 S.Ct. 2279, 2296–97 n. 29, 57 L.Ed.2d 117 (1978); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 201, 96 S.Ct. 1375, 1384, 47 L.Ed.2d 668 (1976); *Barnes v. Cohen*, 749 F.2d 1009, 1013 (3d Cir.1984), *cert. denied*, 471 U.S. 1061, 105 S.Ct. 2126, 85 L.Ed.2d 490 (1985). The cumulative meaning of Acts 5040, 5045, and 5206 could not be more clear. As amended by Acts 5045 and 5206, Section 3 of Act 5040, by revising 4 V.I.C. Section 76(b), evinces an obvious intent to deposit expanded criminal jurisdiction in the territory's local court. Section 3 establishes a two-phase process by which the Territorial Court's authority to hear criminal cases will be broadened. First, subsection (a) of Section 3 declares that commencing on the Section's effective date the Territorial Court will assume original jurisdiction over criminal offenses carrying a maximum sentence not exceeding fifteen years' imprisonment. Second, subsection (b), paragrahs (1) and (2), state that one year after the Section's effective date the Territorial Court's original jurisdiction will further expand to embrace all criminal actions, irrespective of penalty, and that the Presiding Judge shall render an administrative assessment of the legislation's impact.

Subsection (c) states when Section 3 of Act 5040 shall become effective. Thus properly construed, amended Act 5040 provides that on October 1, 1990 the Territorial Court will have original jurisdiction over criminal actions in which the maximum sentence does not exceed imprisonment for fifteen years[1] and that on October 1, 1991 the Territorial Court will have original jurisdiction over all criminal actions.

The defendant's misinterpretation of these enactments is the result of two elementary errors. First, he contends that Act 5206 did not delay the expansion of territorial jurisdiction over crimes punishable up to fifteen years' imprisonment "since the legislature deliberately excluded any reference to subsection (b)" of Act 5040, Section 3, and amended only "the subsequent subparagraphs (b)(1) and (b)(2)." Defendant's Memorandum of Law, at 3. Section 3 of Act 5040, however, does not even contain a subsection (b) as such. Subsection (b) of Section 3 is immediately cleaved into two paragraphs, (1) and (2), without any matter attached to a subsection independently denominated as subsection (b). The "subsection (b)" upon which the defendant relies is not a subsection of Section 3 at all, but rather a reference to subsection (b) of 4 V.I.C. § 76 that is contained within *subsection (a)* of Act 5040, Section 3.

Second, to reach his conclusion, the defendant, in essence, interprets subsection (c) to govern the effective date of only subsection (b), paragraph (1), but not the effective date of subsection (a). This reading is irrational and runs directly counter to the plain language of the Acts. Subsection (c), in each of its versions, delineates the effective date of the "Section." As amended by Act 5206, subsection (c) of Act 5040, Section 3, unreservedly states: "This

Section shall become effective October 1, 1990." The Section to which it refers, of course, is Section 3, of which subsections (a) and (b)(1)-(2) are coordinate components. *See* Act 5040, § 3(b)(1) (referring to "subsection (a) of this Section"); Act 5040, § 3(b)(2) (referring to "paragraph 1 of this subsection); Act 5045, § 1 (referring to "Section 3 of Act 5040"); Act 5206, § 107 (referring to "Act 5040, Section 3, subsections (b) and (c)"). Subsection (c) simply contains no terms restricting its operation to subsection (b), paragraph (1). Indeed, subsection (b), paragraph (1) itself, as amended by Act 5206, refers to the "effective date of this Section," not of "this subsection" or "this paragraph." Moreover, the defendant's interpretation is internally inconsistent, for he agrees, as he must, that the amendment to subsection (c) introduced by Act 5045 did in fact postpone the effective date of Act 5040, Section 3, subsection (a), but denies that a virtually identical change to subsection (c) proclaimed by Act 5206 did not delay the effective date of Act 5040, Section 3, subsection (a).

## C.

Precedent also compels today's disposition.[2] In *Government of the Virgin Islands v. James*, 23 V.I. 205 (D.V.I.1987), a case which the defendant failed to cite either in his brief or at argument, a three-judge territorial appellate panel considered the effect that this series of legislation had upon the criminal jurisdiction of the Territorial Court. Construing the precise enactments at issue here, Presiding Judge Christian wrote:

It is knowledge so common as not to require statutory reference, that in former times the Territorial Court (then the Municipal Court) could not impose a sen-

---

1. The Court therefore approves Equity Publishing Company's annotation to 4 V.I.C. § 76(b), which states that the Territorial Court's fifteen year jurisdiction will begin on October 1, 1990.

2. Further, the 1989 *Bluebook*, an official publication of the Virgin Islands which describes the structure of the local government, explicitly states that the Territorial Court possesses "original and exclusive jurisdiction" over "all criminal cases in which the maximum punishment that

may be imposed does not exceed a fine of $100 or imprisonment of six months, or both" and that the territorial court also possesses "original and concurrent jurisdiction with the District Court ... over criminal cases in which the maximum sentence does not exceed imprisonment for five years or a fine as prescribed by law." United States Virgin Islands Bluebook 37 (3d ed. 1989).

tence in excess of one year. Later on that authority of the Territorial Court was increased to the imposition of a sentence of not more than five years. Recently the Legislature of the Virgin Islands, recognizing that the sentencing limits of the judges of the Territorial Court of the Virgin Islands was a maximum of five years, undertook by Act No. 5040, approved February 1, 1985, to increase the sentencing authority of that court to a maximum of fifteen years. However, for reasons not here pertinent, the Legislature deferred the effective date of that enactment to October 1, 1988, by Act No. 5045, approved March 1, 1985, and at the insistence of the very Territorial Court postponed the effective date further, to January 31, 1991, by Act No. 5206 duly passed by the Legislature on September 29, 1986, and permitted to become law without executive approval as of October 14, 1986.

*Id.* at 216 (Christian, J., concurring in part, dissenting in part).

The *James* majority essentially was of the same view. The Court initially noted that "[t]he territorial court has concurrent jurisdiction with the district court in all criminal actions wherein the maximum sentence does not exceed imprisonment for five years." *Id.* at 207. The Court then stated that although Act 5040 had deposited in the Territorial Court jurisdiction over criminal offenses for which the maximum sentence did not exceed fifteen years, Act 5206 had extended "the effective date of this provision" to October 1, 1991. *Id.* at 207 n. 1. Although this Court disagrees with the *James* panel insofar as it identified the effective date of amended Act 5040, Section 3, subsection (a) as either January 31, 1991 or October 1, 1991, it is manifest that all three members of the panel, including one territorial judge, understood Act 5206 to delay the expansion of the Territorial Court's jurisdiction over not only all crimes, but also fifteen year crimes.

### III.

In view of today's disposition, the Court need not evaluate the thesis that the Re-vised Organic Act as amended in 1984, Act of October 5, 1984, P.L. 98–454, Title VII, § 703, Title X, § 1001, 98 Stat. 1738, 1745, 48 U.S.C. § 1612, renders the respective general original jurisdictions of this Court and the Territorial Court mutually exclusive. The Court does note, however, that the defendant's assertion is contrary to established precedent construing the Revised Organic Act prior to 1984. The Third Circuit repeatedly stated before the enactment of P.L. 98–454 that the Revised Organic Act did not permit the actions of the Territorial Legislature to limit the District Court's jurisdiction. *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1057 n. 7 (3d Cir.1982); *Excavation Const. Inc. v. Quinn*, 673 F.2d 78, 80–81 (3d Cir.1982); *Pan American World Airways v. Government of the Virgin Islands*, 459 F.2d 387, 391 (3d Cir.1972); *cf. Thorstenn*, 109 S.Ct. at 1298 (dictum); *see In re Alison*, 837 F.2d 619, 622 (3d Cir.1988) (stating "overall congressional intention discernible" in Title VII of P.L. 98–454 is greater territorial autonomy over local appellate structure). The defendant does not even mention this line of caselaw, let alone discuss its continued vitality. Because the Court has concluded Act 5206 defers until October 1, 1990 the expansion of Territorial Court jurisdiction over criminal actions wherein the maximum penalty is fifteen years' incarceration, the Court need not address the question whether under the amended Revised Organic Act the Legislature's enlargement of general original jurisdiction in the Territorial Court, when it takes effect, will divest this Court of the original concurrent jurisdiction over matters of local law that it currently possesses.