**UNITED STATES OF AMERICA, Plaintiff**

**v.**

**EZRA CHARLES, Defendant**

Criminal No. 1993-0119

District Court of the Virgin Islands

Div. of St. Croix

May 26, 1994

WANDA KEYES ROBINSON, (Office of the United States Attorney), Christiansted, St. Croix, U.S.V.I., *for the Government*

CARL F. MOREY, (Office of the United States Attorney), Christiansted, St. Croix, U.S.V.I., *for the Government*

PATRICIA SCHRADER COOKE, Christiansted, St. Croix, U.S.V.I., *for the Defendant*

MOORE, *Chief Judge*

## MEMORANDUM OPINION

This matter is before the court on the filing by the Government of a notice of adverse precedent, and the defendant Ezra Charles's

motion to dismiss Count V of the indictment which charges a violation of 18 U.S.C. § 1503. Section 1503 makes it a crime to "influence, intimidate or impede any grand or petit juror or officer in or of any court of the United States" with threats or force or any threatening letter or communication. Defendant Charles contends that pursuant to the Third Circuit Court of Appeals precedent, section 1503 is inapplicable to threats or intimidation of officers in the District Court of the Virgin islands. See United States v. George, 625 F.2d 1081 (3d Cir. 1980). The Government contends George no longer controls.

In George, the defendant was prosecuted for and convicted of, among other things, threatening an officer of a court of the United States (a deputy Marshal of the Virgin Islands) in violation of 18 U.S.C. § 1503. On appeal, the Third Circuit first noted that the District Court of the Virgin Islands is not an Article III, section 1 court, but is created under Article IV, section (3) of the Constitution, and as such it is not a "court of the United States" as that term is defined in 28 U.S.C. § 451. Guided by the Supreme Court's admonition that "vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a District Court of the United States,[1]" the George court then considered whether the District Court of the Virgin Islands may be treated as a "court of the United States," in the context of section 1803.

Looking first to the language of section 1503, the Third Circuit concluded that the words "court of the United States" therein speak to the court's classification or nature as an institution and not to the jurisdiction or powers of the court. Nonetheless, in deciding the question of the institutional nature of the District Court of the Virgin Islands, the George court looked to its jurisdictional powers. After examining the jurisdictional powers of the District Court of the Virgin Islands and its attendant history, Judge Maris, writing for the court in George, determined that the "institutional nature" of the District Court of the Virgin Islands, as then constituted, was more that of territorial court, than a "federal" court. Accordingly, the court in George ruled that the District Court of the Virgin Islands may not be regarded as a "court of the United States for the purposes of 18 U.S.C. § 1503." 625 F.2d at 1088.

---

[1] George, 625 F.2d at 1088, citing Mookini v. United States, 303 U.S. 201, 205, 58 S.Ct. 543, 545, 82 L.Ed. 748 (1938).

Pursuant to the above precedent, the defendant argues that the conduct alleged in Count V of the indictment against him, namely that he endeavored to intimidate an officer of the District Court of the Virgin Islands, cannot violate 18 U.S.C. § 1503 because the statute does not apply to the District Court of the Virgin Islands or its officers. At first glance, it would appear that the holding in George, which is controlling, would prohibit the prosecution of the defendant, Ezra Charles, under 18 U.S.C. § 1503, and would require that this count of the indictment be dismissed.

The Government argues, to the contrary not only that George was decided incorrectly, but also subsequent amendments to the Virgin Islands Organic Act have converted the nature of the District Court of the Virgin Islands to a "court of the United States" as contemplated by 18 U.S.C. § 1503. The government recognizes, as it must, that this Court is still not an Article III court, and it is still an institution with both territorial and federal attributes. See Government of Virgin Islands v. Bryan, 738 F. Supp. 946 (D. V.I. 1990) (Broderick, J.); and Joseph v. DeCastro, 27 V.I. 297, 305 (Brotman, J.) (D.V.I. 1992). However, the Government contends, that as presently constituted, the District Court of the Virgin Islands is more federal in nature than territorial, because its territorial jurisdiction is now limited to appellate jurisdiction over local matters.[2] The Government further contends that because the change in jurisdiction of the District Court of the Virgin Islands has made it more in the nature of a "federal" court and than a territorial court, the premise underlying the holding in George cannot be justified, and George no longer controls.

Defendant maintains, however, that George still controls, and relies for support on a recent opinion by another judge of this Court in United States V. Ira Cruse, Crim. No. 1993-0056. The judge in Cruse dismissed an indictment brought for violation of 18 U.S.C. § 1503. The Cruse court's review of the 1984 amendments to the Organic Act focused on their effect on the jurisdiction of the court created by the local legislature, and led it to conclude that

---

[2] At the time of the hearing on this issue, local crimes with a penalty in excess of 15 years were tried exclusively in District Court. As of October 1, 1993, the Territorial Courts was slated to assume jurisdiction over all local crimes. This deadline was extended to January 1, 1994, and took effect on that date, and is in effect as of the writing of this opinion.

the obvious intent of the Virgin Islands Legislature, and of Congress, is to deposit expanded jurisdiction in the territory's local court. See Government of the Virgin Islands v. Bryan, 738 F. Supp. 946, 949 (D.V.I. 1990). However, this modification does not serve to alter Judge Maris' characterization of the institutional nature of the District Court of the Virgin Islands.

Cruse, Slip. Op. at 6.

After oral argument on this matter, notwithstanding the holding in George and Cruse, I denied defendant Charles's motion to dismiss Count V of the Indictment. I now state fully, my reason for the denial.

Because George is controlling, this court must determine whether the 1984 amendments to the Organic Act of 1954, modifying the jurisdiction of the courts of the Virgin Islands, sufficiently changed the "nature" of the District Court of the Virgin Islands to make it a "federal" court within the meaning of section 1503. The court, in denying Charles's motion to dismiss Count V of the indictment, signalled its conclusion that the 1984 modifications to the courts of the Virgin Islands undercuts the rationale for the holding in George.

The legislative history to the 1984 amendments of sections 22 and 23 of the Act, 48 U.S.C. §§ 1612, 1613, shows that Congress intended by these amendments "to confer[ ] on the District Court of the Virgin Islands the full jurisdiction of a district court of the United States." 130 Cong. Rec. S 10527 (Aug. 10, 1984). Section 22 as amended, provides in part:

> (a) The District Court of the Virgin Islands shall have the jurisdiction of a court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of title 28, United States Code, and that of a Bankruptcy Court of the United States.

> \* \* \*

> (b) In addition to the jurisdiction described in subsection (a) the District Court of the Virgin Islands shall have general jurisdiction in all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local courts of the Virgin Islands: . . .

> In causes brought solely on the basis of this subsection, the district court shall be considered a court established by local

law *for the purposes of determining the availability of indictment by grand jury or trial by jury.*

48 U.S.C. § 1612(b), reprinted at 1 Virgin Island Code, Revised Organic Act of 1954, as amended 1984, § 22 (emphasis added).[3]

 Congress' intent in passing the 1984 amendments to the Organic Act need not be surmised. The clear expression of its intent, by these amendments, to confer full jurisdiction of a district court of the United States on the District Court of the Virgin Islands was stated repeatedly in the legislative history of these Amendments. See 130 Cong. Rec. S 10527 and S 10528.[4] Moreover, in keeping with its intent to confer full jurisdiction of a court of the United States on the District Court of the Virgin Islands, Congress stated that the purpose was to "eliminate the present situation of both the district court and the local court having jurisdiction over strictly local

---

[3] Section 22(a) before amendment in 1984 provided as follows:

> The District Court of the Virgin Islands shall have the jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties and laws of the United States, regardless of the sum or value of the matter in controversy. It shall have general original jurisdiction in all other causes in the Virgin Islands, exclusive jurisdiction over which is not conferred by this Act upon the inferior courts of the Virgin Islands.

> In Chase Manhattan Bank v. South Acres Dev. Co., 434 U.S. 236 (1978), analyzing language identical to the first sentence of this grant of jurisdiction in a case arising in Guam, the Supreme Court determined that by this language Congress did not confer federal diversity jurisdiction to the District Court of Guam. The Court recognized that " Congress' jurisdictional grant to the District Court of Guam [was] unique" and that "[a]ll other federal courts in the States and Territories either exercise diversity jurisdiction or concurrent original jurisdiction over many local causes of action." 434 U.S. at 239.

> As a result, in the omnibus amendment to the Organic Acts of the insular territories, the Virgin Islands and Guam included, Congress specifically cited the Chase Manhattan Bank case, and expressly stated its intent to confer upon the district courts of the territories the full jurisdiction of a "district court of the United States" including, but not limited to, federal diversity jurisdiction.

[4] See also, 130 Cong. Rec. S 10528, H 9575:

> Section 709 repeals the Act of May 20, 1932 (47 Stat. 160, 48 U.S.C. 1400) which conferred admiralty jurisdiction on the District Court of the Virgin Islands. *This provision is no longer required in view of the amendment of § 22(a) of the Act. 48 U.S.C. § 1612(a). by § 703(a) of this legislation, which confers on the District Court of the Virgin Islands the full jurisdiction of a district court of the United States, including admiralty jurisdiction under 28 U.S.C. § 1333.*
> (Emphasis added).

147

causes." 130 Cong. Rec. S 10527. Contrary to the court's conclusion in Cruse as to the purpose of § 22(b), 48 U.S.C. § 1612(b), the primary intent of the modifications to our Organic Act was not to expand the jurisdiction of the local courts, but to "eliminate" the District Court of the Virgin Islands' local jurisdiction, thus conferring on the District Court (a legislative court) the jurisdictional attributes and "institutional nature" of Article III courts.

Because I find that the principal premise undergirding the holding in George has been severely undercut, I conclude it no longer controls. This conclusion, that because of the 1984 amendments to the Organic Act of 1954 the institutional nature of the District Court of the Virgin Islands has changed substantially since George, is buttressed by the following. One, at the time defendant Charles moved to dismiss this count, the District Court of the Virgin Islands were to be divested, and as of January 1, 1994, has been divested, of concurrent jurisdiction over all local crimes. Two, as of October 1, 1991, pursuant to local legislation passed under the 1984 Amendments, the District Court of the Virgin Islands was divested of jurisdiction over all local civil matters, except of course, to the extent diversity jurisdiction may be plead, or where supplemental jurisdiction may be asserted in a civil case arising under federal law.

Currently, the District Court of the Virgin Islands has as its sole remaining territorial characteristic its jurisdiction over appeals from the local courts.[5] Under the 1984 amendments to the Organic Act, the District Court will retain this jurisdiction until such time that the local legislature divests the court of this jurisdiction by establishing a local court of appeals. It is worth noting that, under the same 1984 amendments, the Third Circuit Court of Appeals

---

[5] Pursuant to Section 22(c) of the Organic Act of 1954, as amended in 1984, the District Court of the Virgin Islands may assert what is akin to "supplemental" criminal jurisdiction over local criminal offenses.

Section 22(c) provides:

The District Court of the Virgin Islands shall have concurrent jurisdiction with the courts of the Virgin Islands established by local law over those offenses against the criminal laws of the Virgin Islands, whether felonies or misdemeanors or both, which are of the same or similar character or part of, or based on, the same acts or transactions connected together or constituting part of a common scheme or plan, if such act or transaction or acts or transactions also constitutes or constitute an offense or offenses against one or more of the statutes over which the District Court of the Virgin Islands has jurisdiction pursuant to subsection (a) and (b) of this section.

will have appellate jurisdiction to review the decisions of the highest local court for fifteen years after the establishment of such local court of appeals. No one will suggest that, simply by dint of this grant of jurisdiction to hear appeals from the highest local court of the territory, the Third Circuit Court of Appeals as an institution has territorial aspects. Likewise, it cannot be argued that simply because of its authority to review the decisions of the local court, the District Court of the Virgin Islands is more territorial than federal. It is therefore, my considered judgment, that Congress' intent to confer the full jurisdiction of a district court of the United States on the District Court of the Virgin Islands, so that it may be regarded for the purpose of statutes like 18 U.S.C. § 1503 as a "court of the United States" is not defeated by the fact of its appellate jurisdiction over the local court of the territory.

The court finds support for its conclusion in United States v. Kennings, 861 F.2d 381, 389 (3d Cir. 1988), where a similar argument was raised with respect to the language of 18 U.S.C. § 201(c)(3). Section 201(c) punishes, among other acts, the "influencing" of "testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing or other proceeding, *before any court, . . . .*" (Emphasis added). The dispute in Kennings was whether the language of 18 U.S.C. § 201(c) which speaks to "any court," applied to the District Court of the Virgin Islands. There the Third Circuit Court of Appeals held that it did, and noted that

> [i]t is unlikely that absent express language of limitation, Congress intended to protect Article III court and administrative tribunals from the bribery of witnesses or the solicitation of bribes but, at the same time did not extend the same protection to tribunals *it had established* pursuant to Article I (or Article IV) of the Constitution. The Constitutional source of the court's authority has no bearing whatsoever on the need for such protection (emphasis added.).

Likewise, given the modifications made to the jurisdiction and institutional nature of the District Court of the Virgin Islands, and Congress's clear expression that the district court is to be regarded like a district court of the United States, it cannot be argued that Congress did not intend the grand or petit jurors or officers serving in this legislative court to have the same protection as a district court of the United States. This is especially so since, as the Gov-

149

ernment points out, the 1984 modifications and the subsequent enactments by the Virgin Islands Legislature conferring jurisdiction over all criminal matters to the courts created by local law have divested the District Court of the Virgin Islands of jurisdiction over the local counterpart of 18 U.S.C. § 1503.

■ For all the above reasons, I conclude that the 1984 amendments to the Organic Act of 1954, altered fundamentally the "institutional nature" of the District Court of the Virgin Islands, so that it may be regarded as a "court of the United States" for purposes of 18 U.S.C. § 1503. Accordingly, the defendant Ezra Charles's motion to dismiss Count V of the Indictment was denied.

## ORDER

UPON CONSIDERATION of the motion of the defendant Ezra Charles to dismiss the Count V of the Indictment, the notice of adverse precedent filed by the Government and the arguments of counsel made on the record during a hearing held in court on September 29, 1993, and for the reasons stated in the accompanying memorandum Opinion, of even date,

Accordingly, defendant Ezra Charles' motion to dismiss Count V of the Indictment was DENIED.