

**FILED**
May 20, 2021
ST-2021-CV-00045
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS & ST. JOHN
### \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ALBERT BRYAN, JR., in his official capacity as Governor of the Virgin Islands and the GOVERNMENT OF THE VIRGIN ISLANDS, | ) ) ) ) ) | CASE NO. ST-2021-CV-00045 |
| Plaintiffs, | ) ) | ACTION FOR DECLARATORY |
| -vs- | ) ) | RELIEF, TEMPORARY RESTRAINING ORDER, |
| VIRGIN ISLANDS GOVERNMENT HOSPITAL AND HEALTH FACILITIES CORPORATION, inclusive of its Board of Directors and Directors of the District Governing Boards for the Districts of St. Thomas-St. John and St. Croix, | ) ) ) ) ) ) ) | ACTION FOR DECLATORY JUDGMENT AND INJUNCTIVE RELIEF |
| Defendants. | ) ) ) | |

2021 VI Super 52U

## MEMORANDUM OPINION AND ORDER

¶1     **THIS MATTER** is before the Court on Plaintiff's, Albert J. Bryan Jr. in his capacity as Governor of the Virgin Islands, (hereinafter "Governor Bryan") verified complaint for declaratory relief, temporary restraining order, preliminary injunction and permanent injunction filed on January 28. 2021; and the stipulation of the parties enjoining the Defendant, the Board of the Government Hospital and Health Facilities Corporation and its District Governing Boards from implementing Act no. 8438, filed with the Court on April 19, 2021.

¶2     The Court initially denied the request for a temporary restraining order and set this matter for hearing on April 20, 2021.[1]  Despite the Court granting the stipulation entered by the parties, Governor Bryan argued the need for the Court to rule on the issue as to whether Act No. 8438 violates the Revised Organic Act.

### I.     FACTS

¶3     In 1994, Act No. 6012 created the Virgin Islands Government Hospital and Health Facilities Corporation (hereinafter "the Corporation"). The Corporation was established with a

---

[1] The hearing was initially set for April 19, 2021 but was continued by the Court after an oral request of the parties was made on April 16, 2021 during a Zoom status conference.

two-tiered governing system: the Board of the Corporation (hereinafter "the Board") and two District Governing Boards (hereinafter "District Boards"). The Board is charged with the formulation of health policy and planning for health care delivery at the territorial level, and with coordination of hospital policy, planning and decisions between the two districts to ensure efficient and coordinated hospital policy direction between the districts.

¶4     The District Boards are charged with the formulation and determination of hospital policy and planning for their respective districts consistent with territorial policy established by the Board. Under Act No. 6012, all three of the boards were comprised of members the Governor could appoint and remove for cause.

¶5     On July 14, 2020, Bill No. 33-0343 was introduced in the Virgin Islands Legislature. The purpose of the bill was a restructuring of the governing boards of the Corporation. Under the bill, the Board was reduced from fifteen to thirteen members and they would no longer all be appointed by the Governor. Five members would represent the District Board of St. Croix, five members would represent the District Board of St. Thomas-St. John, and the final three spots would be filled by members of the Governor's cabinet: The Director of Property and Procurement, the Director of the Office of Management and Budget or the Commissioner of Finance and one additional cabinet member chosen by the Governor.

¶6     The non-Cabinet members would be comprised of two doctors elected by their representative members of the District Boards, two nurses, two attorneys, two Certified Public Accountants, and two engineers or architects, one selected from each respective District Board.

¶7     Bill No. 33-0343, as introduced, sought to eliminate the Governor's power to remove members for cause by deleting Title 19, Virgin Islands Code, Section 243(h).

¶8     Bill No. 33-343 also sought to restructure the District Boards in a similar fashion. Under Act 6012, the District Boards were comprised of nine members appointed to serve by the Governor. Bill No. 33-0343 changed the District Boards to consist of nine members; two doctors elected by their union, the Association of Hospital Employed Physicians, one nurse elected by the Virgin Islands Nurses Association, one attorney elected by the Virgin Islands Bar Association, on member elected by the Virgin Islands Board of Accountancy, and one engineer or architect elected by the Virgin Islands Board of Architects, Engineers and Land Surveyors. The final three members of the District Boards will be appointed by the Governor, however none of the members appointed by the Governor are permitted to serve on the Board of the Corporation. Furthermore, one of the three appointees in each district must be a member of the Virgin Islands Chamber of Commerce, not more than three of the non-elected members of each District Board may be employees of the Government of the Virgin Islands, and in the event of a vacancy caused by a professional organization's failure to name a board member, the District Board itself may name a new interim member to fill the position. Like the Board, Bill No. 33-0343 eliminated the Governor's power remove any members of the District Boards for cause.

¶9    Bill No. 33-0343 was approved by the Virgin Islands Legislature on September 25, 2020 and sent to Governor Bryan for his signature on October 15, 2020. Governor Bryan exercised his veto power on October 26, 2020 and the bill was sent back to the legislature where his veto was overridden. Bill No. 33-0343 was formally adopted as Act No. 8438 on December 30, 2020.

¶10    On January 28, 2021, Governor Bryan filed a verified complaint requesting relief pursuant to V.I. CODE ANN. tit. 5, § 1261, a declaratory judgment that Act No. 8438 is unconstitutional, inorganic, and therefore invalid under the Revised Organic Act, and pursuant to V.I. CODE ANN. tit, 5 § 1268, injunctive relief preventing implementation of Act no. 8438. The Court denied Governor Bryan's motion for a temporary restraining order on February 9, 2021 and the Corporation agreed to stipulate to the conditions of the requested preliminary injunction which the Court approved on April 22, 2021. Hearings were held on March 2 and April 16, 2021 with a bench trial occurring on April 20, 2021.

## II.   ANALYSIS

### A. The constitutional principle of the separation of powers applies to the Virgin Islands through the Revised Organic Act

¶11    The first question before the Court is whether the separation of powers established in the U.S. Constitution has been applied to the U.S. Virgin Islands through the Revised Organic Act. The court in *Municipality of St. Thomas & St. John v. Gordon*[2] held that the Revised Organic Act does apply the separation of powers principle to the US Virgin Islands. The issue in *Gordon* involved the appointment of members to the Municipal Police Commission. The Municipal Council had changed the law allowing the Council to appoint two of the members while the Governor appointed 2 other members. Governor Bryan brought suit arguing that this violated the separation of powers and was therefore invalid under the Revised Organic Act. The Court in *Gordon* determined that the separation of powers was applied to the US Virgin Islands by comparing the Revised Organic Act of the Virgin Islands to that of the Philippines.[3]

¶12    In *Springer v. Philippine Islands*, the United States Supreme Court ruled that the separation of powers principal applied to the Philippines.[4] The Court in *Gordon* found that based on the similarities between the powers granted to the legislature and the executive in the Organic Acts of both the Philippines and the V.I., the Supreme Court ruling in *Springer* would have the same force and effect in interpreting the question under the Organic Act of the Virgin Islands.[5] This means that the principle of separation of powers applies to the Virgin Islands through the Revised Organic Act. With this established, the primary issue in the case becomes whether Act No. 8438 violates

---

[2] *Municipality of St. Thomas & St. John v. Gordon*, 78 F. Supp 440, 443 (D.V.I. 1948).
[3] *Id.*
[4] *Springer v. Government of Philippine Islands*, 277 U.S. 189, 201 (1928).
[5] *Municipality of St. Thomas & St. John v. Gordon*, 78 F. Supp 440, 443 (D.V.I. 1948).

the Revised Organic Act and is therefore invalid.

### B. Act No. 8438 violates the separation of powers by eliminating the Governor's removal power and is therefore inorganic and invalid

¶13    James Madison, on the floor of the First Congress, said "if any power whatsoever is in its nature Executive, it is the power of appointing, overseeing, and controlling those who execute the laws."[6] The landmark case regarding the executive branch and its power of appointment and removal is *Myers v. United States.* In *Myers*, the Supreme Court held that the power of removal was an executive function incidental to the power of appointment and therefore not subject to the advice and consent power of the Senate.[7] On July 21, 1917, Myers was appointed by the President and confirmed by the Senate to be a postmaster in Portland, Oregon for a term of four years.[8] On January 20, 1920, his resignation was demanded and while he refused, he was eventually removed from office on February 2, 1920, several months before his term was to end. The statute that establishes the postmaster office provided that "postmasters of the first, second, and third classes shall be appointed and may be removed by the President by and with the advice and consent of the Senate…".[9] Myers was removed without the Senates consent. The Court reasoned that when the grant of the executive power is enforced by the express mandate to take care that the laws be faithfully executed, it emphasizes the necessity for including within the executive power the exclusive power of removal.[10]

¶14    The Court in *Myers* further explained the permissible exercise of legislative power. Applying the precedent established in  *U.S. v. Perkins*, the Court recognized that because the Constitution gives Congress the power to vest the appointment power of inferior officers in the heads of departments, they may prescribe incidental regulations which control and restrict the department heads and their exercise of the removal power.[11] However, the Court noted that it has never held that Congress has the power to draw to itself, or to either branch of it, the power to remove or the right to participate in the exercise of that power.[12] Article II grants to the president, the executive power of the Government which extends to the general administrative control of those executing the laws, including the power of appointment and removal of executive officers.[13]

¶15    Since *Myers*, the Court has held that the legislative branch may regulate the removal power. In *Humphrey's Ex'r v. U.S.*, the Supreme Court held that restrictions on the President's power of removal to good cause when it came to members of the Federal Trade Commission was valid under

---

[6] 1 Annals of Cong. 463 (1789).
[7] *Myers v. United States*, 272 U.S. 52, 122 (1926).
[8] *Id.* at 106
[9] *Id.* at 107.
[10] *Id.* at 122.
[11] *Id.* at 161.
[12] *Id.*
[13] *Id.* at 164.

the Constitution.[14]   The Federal Trade Commission was an administrative body created by Congress to carry into effect legislative policies embodied in the statute in accordance with the legislative standard therein prescribed, and to perform other specified duties as a legislative or judicial aid.[15] This means that it could not be considered simply as an arm or eye of the executive.[16] The Federal Trade Commission acts in a quasi-legislative, quasi-judicial manner meaning that it acts sometimes as a legislative agency and sometimes as a judicial agency, and it does not exercise an executive function in the constitutional sense at all.[17] The Court held that when determining whether the power of the President to remove an officer shall prevail over the authority of Congress to condition the power by fixing a definite term and precluding a removal except for cause, you have to look at the character of the office.[18]  The President's absolute removal power applies only to executive officers.[19]

¶16    The Court then must determine whether the Corporation is an executive agency and whether the members of its Boards are executive officers.  The Corporation was created in 1992 by Act No. 6012 which has been codified at 19 V.I.C. § 243. In it, the Corporation is defined as a "body corporate and politic constituting a public benefit corporation of the Government of the Virgin Islands".[20]  For the Court to determine whether it is an executive agency, it is important to look at the character of the office, as the Supreme Court did in *Humphrey's.* The statute further provides that the Board shall formulate and determine hospital policy and planning for health care delivery at the territorial level and it shall coordinate hospital policy, planning, and decisions between the two districts to ensure efficient and coordinated hospital policy direction between the districts.[21]  In *Myers*, the Court described legislative power as the authority to make laws, but not to enforce them or appoint the agents charged with the duty of such enforcement.[22]

¶18    In light of *Humphrey's*, the Corporation does not exercise any legislative or judicial functions in the same fashion as the Federal Trade Commission. Rather, it coordinates hospital policy under the current laws. This demonstrates that it falls closer to an executive agency than a legislative one. More importantly, even if the Corporation were an agency in the mold of the Federal Trade Commission under *Humphrey's*, the complete elimination of the Governor's power to remove would run afoul of the separation of powers. The legislative branch can place limits on the executive's power to remove, but to eliminate the executive from the removal process altogether is a violation of the separation of powers. Therefore, the Act, by its elimination of the Governor's power to remove members of the Board and the District Boards, violates the separation of powers and is invalid under the Revised Organic Act.

---

[14] *Humphrey's Ex'r v. United States*, 295 U.S. 602, 629 (1935).
[15] *Id.* at 628.
[16] *Id.*
[17] *Id.*
[18] *Id.* at 631.
[19] *Id.* at 632.
[20] V.I. Code Ann. tit. 19 § 243.
[21] *Id.*
[22] *Myers v. United States*, 272 U.S. 52, 128 (1926).

*GVI v. VI Gov't Hospital and Health Facilities*
Case No. ST-2021-CV-00045
Memorandum Opinion and Order
Page 6 of 6

## III.   CONCLUSION

¶19   Accordingly, the Court finds that Act. 8438 violated the Revised Organic Act as it completely eliminated the Governor's ability to remove members of the Hospital Corporate and the District Boards. Therefore, it is not necessary for the Court to determine if Governor Bryan has satisfied the requirements for a permanent injunction.

¶20   Accordingly, it is hereby

**ORDERED** that Governor Bryan's request for Declaratory Relief is **GRANTED**; and it is further

**ORDERED** that a copy of this Memorandum Opinion & Order shall be directed to counsel of record.

DATED: May 20, 2021

_____
SIGRID M. TEJO
Judge of the Superior Court of the Virgin Islands

ATTEST:
TAMARA CHARLES
Clerk of the Court

By:_____
DONNA D. DONOVAN
Court Clerk Supervisor____/____/____